WILLIAM SOMERS & others *vs.* ROBERT WRIGHT.

The introduction of an auditor's report does not exclude other competent evidence, although it appears from the report that the evidence had been rejected by the auditor at the hearing before him.

In an action to recover for goods sold and delivered, the issue being whether they were sold upon the defendant's credit or upon the credit of a third person, the plaintiff's books of account are inadmissible to prove a promise of payment by the defendant.

In an action for goods sold and delivered, a declaration of the plaintiff, made after the sale and in the absence of the defendant, is inadmissible to prove a promise of payment by the defendant.

The plaintiff put in evidence an auditor's report, and argued to the jury that the auditor had found a certain fact, when, instead of finding it, he had reported evidence bearing upon it. At the defendant's request the court instructed the jury that the auditor had not found the fact. *Held,* that the plaintiff had no ground of exception.

CONTRACT to recover the sum of $280.90 for lumber sold and delivered by the plaintiffs to the defendant.

The action had been referred to an auditor, who reported that the lumber was sold and delivered as set forth in the declaration, and that the price charged for it was a reasonable price ; that the only question in issue was whether it was sold to be applied in

part payment of a due-bill payable in lumber given by the plain-tiffs to one Luther Farwell, or was sold to be paid for in cash, and found that it was sold to the defendant to be paid for by him in cash.

The due-bill given by the plaintiffs to Farwell was as follows: " Boston, Dec. 10, 1869. Due Luther Farwell or order five thousand six hundred dollars in lumber at current retail prices on demand. Wm. Somers & Co." Upon this were the following indorsements: " Received $2220.08 on account of within bill. Luther Farwell." " Boston, Feb. 1, 1870. Received on the within in five orders drawn by me, $1919.43."

The auditor in his report stated a portion of the testimony " to show certain questions of evidence raised by the counsel for the defendant."

From the reported testimony it appeared that the defendant put in evidence the following order, referred to in the auditor's report as " Exhibit A " : " Boston, Feb. 22, 1870. Messrs. Wm. Somers & Co., — Dear Sir: Please send me such lumber as may be selected by Mr. Emerson or ordered by Mr. Robert Wright to be sent to my houses on Ball Street or Shawmut Avenue (and no-where else) to an amount not exceeding one thousand dollars, to apply on your due-bill of Dec. 10, 1869, to the amount of $5600.00 payable to me in lumber. Luther Farwell." This was indorsed " Robert Wright." It further appeared from the testi-mony that the defendant put in evidence the following receipt, referred to in the report as " Exhibit B " : " Received of Mr. Robert Wright, Luther Farwell's order on us for one thousand dollars, to be delivered in lumber for Ball St. houses, to be ap-plied on our due-bill of Dec. 10, 1869. Wm. Somers & Co., per H. H. Jessop."

The auditor's report then continued as follows : " Exhibit A was charged on the books of the plaintiffs to Luther Farwell, and credited to G. G. Emerson under date of February 22, 1870. The defendant testified that he received Exhibit B from a clerk of the plaintiffs on the day of its date ; that at that time he was building some houses on Ball Street, Luther Farwell furnishing the money and holding the title to the land as security ; that he

gave up Exhibit A at the time of receiving Exhibit B ; that he had a conversation with Kling [one of the plaintiffs] and forbade him crediting Emerson with Exhibit A. Kling had previously denied this on cross-examination." " The following questions were then asked Farwell and excluded, the defendant objecting : ' Out of what contract or transaction did the $5600 due-bill referred to in Exhibit A arise, or how did it originate ? ' ' Did you hold the $5600 due-bill for your own benefit or for the benefit of Robert Wright ? ' "

At the trial in the Superior Court, before *Putnam*, J., the plaintiffs read the auditor's report and rested their case.

The defendant inquired of Luther Farwell as to the consideration of the $5600 due-bill. The plaintiffs objected on the ground that substantially the same question had been asked before the auditor, and no objection had been made to the auditor's report on that account, and that the evidence was immaterial ; but the court overruled the objection.

The plaintiffs then offered in evidence the following entry from the plaintiffs' order book, for the purpose of contradicting, by that portion of the entry printed in italics, evidence of the defendant to show that the lumber was delivered to the defendant on the $1000 order : " Robert Wright, East Boston, 3500 ft. pine base bds. @ 50. 1900 ft. pine sheathing @ 50. Delivered. *Will pay cash to-morrow at two o'clock.*" The defendant objected, and the objection was sustained.

The plaintiffs offered to show by their bookkeeper that McGee, one of the plaintiffs, came into the counting-room on the same day after he had sold the lumber to the defendant on the wharf, and said to him that Wright was to pay for the lumber the next day. Wright was not present. The defendant objected, and the objection was sustained.

The plaintiffs' counsel, during his argument to the jury, contended that the auditor had found that the $1000 order had been credited to Emerson, and therefore the lumber could not have been delivered to the defendant upon that order as contended for by the defendant. The defendant asked the court to instruct the jury that the auditor had not found that the $1000 had been

credited to Emerson, and the court so ruled. The verdict was for the defendant, and the plaintiffs alleged exceptions.

*M. Williams, Jr.*, for the plaintiffs.

*N. Morse*, for the defendant.

GRAY, C. J. This action is brought to recover the price of lumber sold and delivered by the plaintiffs to the defendant. The defendant contended that by agreement between the parties the lumber was not to be paid for by him, but was to be applied in part payment of a due-bill from the plaintiffs to Farwell.

1. Evidence of the consideration of that due-bill, if not necessary to be introduced by the defendant, cannot have prejudiced the plaintiffs. The fact that this evidence had been rejected by the auditor did not prevent the defendant from offering it anew before the jury. The introduction of the report of an auditor does not exclude any other competent evidence, whether received before him or not. *Allen* v. *Hawks*, 11 Pick. 359.

2. The plaintiffs' book of account was not competent to prove a promise of payment by the defendant. *Coffin* v. *Cross*, 3 Dane Ab. 322. *Keith* v. *Kibbe*, 10 Cush. 35. *Gorman* v. *Montgomery*, 1 Allen, 416.

3. The declaration of one of the plaintiffs, after the sale, and in the absence of the defendant, was equally incompetent for that purpose. *Lucas* v. *Trumbull*, 15 Gray, 306.

4. The instruction that the auditor had not found that the order for $1000 had been credited to Emerson was given upon the request of the defendant, and to meet the assertion of the plaintiffs' counsel in argument that the auditor had so found, and was strictly correct; for the auditor made no specific finding upon that point, although he stated some evidence bearing upon it. The instructions under which that evidence was submitted to the jury were not excepted to and are not reported, and must be presumed to have been appropriate and sufficient.

*Exceptions overruled.*