## ELLEN M. WALLACE vs. JOSEPH C. STORY.

Suffolk. March 13. — 16, 1885. W. ALLEN, COLBURN, & HOLMES, JJ., absent.

If the plaintiff in an action testifies that at a certain time she entered into an agreement with the defendant, and the defendant denies it, the testimony of a third person, that the plaintiff told him at the time that such an agreement was made, is inadmissible to rebut the defendant's claim that no such agreement was made, but that it was an invention of the plaintiff, or to corroborate the plaintiff's testimony.

BILL IN EQUITY, filed June 19, 1884, to redeem a parcel of land in South Boston from three mortgages. At the hearing, before *Field*, J., it appeared that for several years before March 14, 1879, the defendant had occupied the premises as the plaintiff's tenant, at a weekly rent; that on this date the defendant, owning said mortgages, entered under each with two witnesses to foreclose, and on the next day recorded the certificates thereof in due form, and advertised the premises for sale; that on April 11, 1879, the plaintiff filed a bill in equity to restrain the sale, and to redeem, on notice whereof the defendant abandoned the sale; that an answer was filed, but no proceeding had thereunder, and on April 4, 1882, the bill was dismissed by the court, of its own motion.

The plaintiff testified that she did not, until June, 1884, know of the entries to foreclose the second and third mortgages, nor that certificates thereof were recorded; that in April, 1879, soon after the order was served on the defendant, she met the defendant in his office at his request, and they then agreed that the defendant should continue to occupy the premises at an annual rental equal to the interest on the mortgages, and the bill be discontinued; and that at the end of the interview she went to the office of her attorney of record, and reported to

him this interview and agreement. Her attorney was allowed to testify *de bene* that after the injunction was obtained she reported to him that she " had seen the defendant and made an arrangement with him whereby the thing was to remain, and nothing more was to be done." The defendant introduced testimony tending to show that he had no such interview with her and made no such agreement; whereupon she offered said testimony of her attorney, first, to rebut the defendant's denial of such interview with the defendant, and to rebut the claim (made by the defendant's counsel in opening his case, upon which, however, no evidence was offered by either party) that her story of the agreement was invented; and, secondly, as corroborative of her own testimony. The judge excluded the testimony as evidence of the agreement, and for the other purposes named; but admitted it as having some bearing upon the inferences to be drawn from the conduct of herself and counsel, in permitting the case begun by the bill in equity filed April 11, 1879, to continue upon the docket, and their conduct in reference to the dismissal of the same; and dismissed the bill. The plaintiff alleged exceptions.

*I. R. Clark*, for the plaintiff.

*F. C. Welch*, (*N. Morse* with him,) for the defendant.

BY THE COURT. The statement of the plaintiff to her counsel, that she had made an agreement with the defendant, after he entered to foreclose, that he should occupy the premises as her tenant, made in the absence of the defendant, was not competent to prove that the alleged agreement was made, or to corroborate the plaintiff's testimony, or to meet the argument that her statement on the stand was fabricated. It was made after the alleged agreement, and was no part of it. It was mere hearsay, and was rightly ruled to be incompetent for either of the purposes above named. *Hodgkins* v. *Chappell*, 128 Mass. 197. *Somers* v. *Wright*, 114 Mass. 171. *Lucas* v. *Trumbull*, 15 Gray, 306. *Exceptions overruled.*