JOHN W. KEITH *vs.* ALFRED A. MARCUS & another.

Suffolk. November 11, 1902. — November 25, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Practice, Civil,* Auditor's Report, Appeal.

In this case, on exceptions to the overruling of exceptions to an auditor's report and the denial of a motion to recommit, there was nothing by which the merits of the exceptions to the report could be adjudged and, if the motion to recommit was not addressed to the discretion of the judge, there was nothing to show that he did not find facts that justified the denial of it.

No appeal lies from a judgment notwithstanding exceptions, under R. L. c. 173, § 109.

CONTRACT by an attorney at law for fees and disbursements, before the court at a previous stage as reported in 181 Mass. 377. Writ dated January 25, 1901.

The character of the exceptions is stated by the court. In the Superior Court *Bishop,* J., being of the opinion that the exceptions were immaterial, frivolous and intended for delay, ordered judgment to be entered and execution to be issued, notwithstanding the exceptions. The defendants appealed.

*E. H. Savary & C. H. French, Jr.,* for the defendants, submitted a brief.

*J. W. Keith, pro se.*

HOLMES, C. J. This case comes before us on exceptions to the overruling of exceptions to an auditor's report and the denial of a motion to recommit. We do not mean to give any countenance to the supposed right to except to an auditor's report, but if such a right exists it does not appear that the defendants took the proper steps to that end. The rule to the auditor is not before us, so that it does not even appear that he was directed to report anything except the facts. Whatever the form of the rule, it does not appear that the defendants requested him to report the evidence. All that the record discloses is that the auditor's report was filed without a report of any evidence, and that two days afterwards the defendants undertook to except to certain of his findings and to the admission of certain evidence not before us, and moved that the report be recommitted for a report of so

much of the evidence as was material. There is nothing to show that any of the exceptions were taken before the auditor except an allegation of the defendants in the motion to recommit as to the evidence said to have been admitted improperly. There is nothing by which the merits of any exceptions to the report can be adjudged. If the motion to recommit was not addressed to the discretion of the court, *Carew* v. *Stubbs*, 161 Mass. 294, *Sullivan* v. *Arcand*, 165 Mass. 364, 367, there is nothing to show that the judge did not find facts that justified the denial of it. Unless the report was recommitted, the exceptions necessarily were overruled.

The court ordered judgment under R. L. c. 173, § 109, notwithstanding the exceptions. The defendants appealed. That appeal must be dismissed for the reasons given in *Williams* v. *Clarke*, ante, 316.

*Exceptions overruled; appeal dismissed.*