## Freas's Estate.

*Trusts and trustees—Title to trust property—Title in trustee's name— Option to cestui que trust.*

1. Where a trustee takes title to trust property in his own name as an individual, the cestui que trust has the option to accept the investment or require the trustee to account for the purchase money with interest.

2. The rule is applicable to a trust company which takes title to trust property in the name of its president, and permits the latter's declaration of trust to remain unrecorded for four years.

3. In such case where it appears that the trustee originally invested the trust money in a mortgage, and that thereafter it was compelled to buy in the mortgaged premises at a loss, the mere fact that title is taken in the president's name will not make the trustee liable for the loss, or for delinquent taxes, liens and costs which had accrued prior to or as a consequence of the sale, in the absence of any evidence that the loss was due to the negligence of the trustee.

Argued Jan. 19, 1911. Appeal, No. 307, Jan. T., 1911, by Philadelphia Trust, Safe Deposit & Insurance Company, trustee, from decree of O. C. Phila. Co., April T., 1887, No. 311, sustaining exceptions to adjudication in estate of Philip R. Freas, deceased. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Modified and affirmed.

Exceptions to adjudication.
The opinion of the Supreme Court states the facts.

*Errors assigned* were in sustaining exceptions to adjudication.

*Charles Townsend,* of *Townsend, Elliott & Townsend,* and *John G. Johnson,* for appellant.—A trustee cannot be surcharged on the loss sustained by investment in mortgages where he has to foreclose and buy in the mortgaged properties when he has exercised ordinary prudence in making the investment: Gouldey's Est., 201 Pa. 491; Rawlings' Est., 13 Phila. 337.

*Paul Reilly,* with him *James F. Friel, T. Truxtun Hare* and *Henry B. Hodge,* for appellee.—It is a breach of trust for a trustee to permit title to trust property to be in some one other than itself as trustee; and in such case the cestui que trust has the right to elect to take the property or the cash invested in such property: Luken's App., 7 W. & S. 48; Morris v. Wallace, 3 Pa. 319; Dietterich v. Heft, 5 Pa. 87; Stanley's App., 8 Pa. 431; Royers's App., 11 Pa. 36; Robinett's App., 36 Pa. 174; Norris's App., 71 Pa. 106; Smith's Est., 16 Phila. 308; Noble's Est., 178 Pa. 460; Carr's Est., 24 Pa. Superior Ct. 369.

OPINION BY MR. JUSTICE MESTREZAT, April 10, 1911:

This case arises out of the adjudication of the account of the Philadelphia Trust, Safe Deposit & Insurance Company, trustee for Imogen N. Freas, under the last will and testament of Philip R. Freas, deceased.

The facts of the case, as found by the learned court below, may be summarized as follows: On February 16, 1887, the trustee invested $1,800 of the trust funds in a bond and mortgage secured upon premises 3606 Melon street, Philadelphia. It took the security properly in its own name as trustee. Subsequently the trustee foreclosed the mortgage and on March 6, 1893, authorized or permitted the sheriff to make a deed for the property to William L. DuBois, then an officer and since the president of the company. The consideration of the deed was $1,500, being the amount bid by Mr. DuBois at the sheriff's sale. This consideration, however, was never paid in fact. The trustee paid the expenses of

the sale and claims credit for them in the account. Forty-four days later, April 19, 1893, Mr. DuBois executed and acknowledged a declaration of trust wherein he stated that he held the premises as trustee for the trustee company for the purposes of the trust contained in the will. About four years later, on March 30, 1897, the declaration of trust was filed of record. Therefore, for a full period of four years the trustee company permitted the record title of this property to remain in the name of its officer and agent, Mr. DuBois, without any other earmark than the irregular declaration of trust retained among its own files. During the period the trustee company collected the rents of the premises and charges itself with them in its account. It likewise expended various sums for maintenance and repairs for which it claims credit. How the leases were drawn does not appear.

The account included premises No. 3606 Melon street as an asset of the estate, and the legatee excepted and asked that $2,160.37 in cash be substituted as an asset, for the real estate, that being the amount represented by the property in the account. The legatee contends that the action of the trustee in having the title of the property taken in the name of another party was a breach of trust which gave the legatee the option to take the property or require the trustee to account for the mortgage debt with interest. The auditing judge overruled the exception and directed a transfer of the property by the trustee to the managers for the relief and employment of the poor of the township of Germantown, the legatee and party entitled to the property or the cash substituted for it. The ruling of the auditing judge was reversed by the court in banc, and the sum of $2,160.37 with interest was substituted for the Melon street property. We have this appeal by the trustee.

For more than half a century this court has invariably held that where a trustee takes title to trust property in his own name as an individual, the cestui que trust has the option to accept the investment or require the trustee

to account for the purchase money with interest. This rule has never been departed from and the decisions dealing with the subject give ample reasons for sustaining and enforcing it. The cases on the subject are numerous and all announce the same doctrine. We need not, therefore, discuss the question as it is the settled law of the state and we now see no reason for departing or deviating from it in any manner whatever. The learned court below was clearly right in enforcing the rule in this case.

But we cannot agree with the court's conclusion as to the amount for which the trustee should account. The loan was made by the trustee on a bond and mortgage taken in its own name. It became necessary to foreclose the mortgage in order to collect the loan. Thus far the trustee had acted properly and in the line of its duty. There is no allegation that it had acted in bad faith, or so far as the testimony discloses it does not appear that the trustee did not believe the property to be ample security for the loan at the time it took the mortgage. The evidence does not justify the court in holding that there had been any dereliction of duty on the part of the trustee in making the loan, in securing it by the bond and mortgage, or in foreclosing the mortgage. If the sheriff had conveyed the property to the trustee, instead of a third person, we think there would be no evidence to show that the trustee had not performed its duty throughout the transaction. The orphans' court very properly held that the sheriff's title should have been taken in the name of the trustee, and that it was not so taken is the only error which the trustee made and for which it is responsible in this proceeding. It should, therefore, account, not for the amount of the mortgage and its interest, but for the value of the property which was given to secure the loan and on which the mortgage was taken. The property was sold at the sheriff's sale for $1,500, $300 less than the face of the mortgage. It does not appear that there was collusive bidding or that this was not a fair price for the property at the time of the sale. In the absence of anything

to the contrary we must presume that such is the case. There is no evidence that would warrant any other conclusion. If such evidence had been produced, and it had appeared that the property was more valuable, or that a greater sum was not obtained for it by reason of the conduct of the trustee, the latter would be held to account for its full value. We, therefore, think the court was in error in allowing the legatee the amount of the mortgage with interest, and should have allowed it the price at which the property was sold with interest.

The trustee having acted in good faith and having performed its duty up to the time of the sale of the property we can see no reason for charging it with the delinquent taxes, liens and expenses of sale. They were not incurred by reason of the trustee's failure to take the sheriff's title in its name. That failure of duty in no way affected the expenses of foreclosing the mortgage. Had the title been taken in the name of the trustee, the taxes, liens and expenses of foreclosure would unquestionably have been paid out of the trust estate. The subsequent error in taking the title in the name of the third party affords no sufficient reason for imposing those expenses on the trustee.

For the reasons stated we must sustain the assignments of error to the extent indicated. The trustee should be charged with $1,500 and interest, and $91.75 for permanent improvements, and allowed a credit for $268.62, the amount of the delinquent taxes, liens and costs. With this modification the decree of the court below is affirmed.