CARRIE A. HODGE *vs.* HERBERT B. MACKINTOSH, trustee.

Norfolk.   December 5, 1923. — February 28, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Trust,* Construction of instrument creating trust, Accounting by trustee.
*Equity Jurisdiction,* Specific performance.   *Probate Court,* Accounts,
Auditor.

A Probate Court properly may exercise its discretion to refuse specific
performance of an agreement, between a trustee and a beneficiary under
a will, which is inequitable, advantageous to the trustee, and was pro-
cured through unfair conduct on his part.

At the hearing of a petition for specific performance of an agreement of the
character above described, it is proper to admit in evidence letters
which tend to show a mistake on the part of the attorney for the bene-
ficiary and the attitude of the trustee in relation thereto, and to exclude
evidence that the trustee, relying on the agreement, immediately after
it was made had laid aside projects and had made arrangements to
have ready money which the agreement required him to pay over.

A testator gave all his property in trust to his daughter to pay the net
income to his wife, with full power in the discretion of the trustee to
use the principal as well as the income for the comfort and support of
the wife, the remainder over to go to the daughter, free of trust, if she
should survive the wife, and, if she should predecease the wife, then
to the wife discharged of all trust.   Authority was given in specific
terms to the trustee and to " any successor to her duly appointed by
the court " to change investments.   The daughter died before the
wife.   *Held,* that

(1) On the death of the daughter the trust terminated and the trus-
tee had no right to prolong the administration of the trust to the ex-
clusion of the right of the wife to have an immediate conveyance or
transfer of all the property;

(2) Whether investments made by a succeeding trustee were such
as a trustee legally could make, was not a fact in issue upon a petition
by the trustee for the allowance of an account showing such an invest-
ment;

(3) Findings, that the trustee had refused to transfer property to
the beneficiary upon her repeated demands and that his acts had not
been ratified by such beneficiary, were warranted by the evidence;

(4) A finding as to an amount of a balance due from the trustee to
the beneficiary, for the payment of which a decree had been ordered
in the Probate Court, was proper.

Objections and exceptions cannot be taken in the Probate Court to the
report of an auditor.

A motion to recommit a report to an auditor in the Probate Court is ad-
dressed to the discretion of the judge, and no appeal lies from a denial
of such a motion.

PETITION, filed in the Probate Court for the county of Norfolk on November 23, 1921, for the allowance of the first account of the petitioner as trustee under the will of John M. Hodge, late of Needham.

The petition being opposed, it was referred to an auditor. Material findings by the auditor are described in the opinion. Objections and exceptions by the petitioner to the auditor's report were filed. The petitioner moved that the auditor's report be recommitted. The motion was denied by *Flint*, J., and the petitioner appealed from such denial and also filed a bill of exceptions thereto. The respondent filed a petition that the objections and exceptions to the auditor's report be overruled and that the appeal and bill of exceptions be dismissed, and for other relief described in the opinion. To this petition, the trustee, Mackintosh, filed an answer and a cross bill. The matters were heard by *McCoole*, J., a stenographer being appointed under G. L. c. 215, § 18, to take the evidence. Material findings, rulings, and decrees entered by the judge are described in the opinion. The trustee appealed.

*H. B. Mackintosh, pro se.*

*W. G. Moseley*, for the petitioner, was not called on.

PIERCE, J. November 23, 1921, Herbert B. Mackintosh, the appellant in this case, presented to the Norfolk County Probate Court his first account for allowance, as trustee under the will of John M. Hodge, who died February 21, 1910, at Needham, in the county of Norfolk, for the benefit of Carrie A. Hodge. The appellant was appointed trustee March 27, 1919, and the account is for the period beginning March 27, 1919, and ending November 23, 1921. After a citation to all persons interested and an appearance for the beneficiary, the judge of probate, under the authority of G. L. c. 221, § 57, appointed an auditor to " examine vouchers and evidence, and report upon the same to this court."

The auditor heard the parties and their evidence and reported in substance that Mackintosh was appointed trustee under the will of Hodge, which was allowed March 16, 1910, to fill the vacancy caused by the death of Carrie I. B. Moran, who was appointed trustee under the will, was qualified on

May 1, 1912, and died before March 27, 1919.  The auditor in his report set out *in extenso* the second clause of the will, in which, in substance, the testator gave to his daughter, Carrie I. B. Moran, all his property in trust to pay the net income semiannually to his wife for life, with full power in the discretion of the trustee to use principal as well as income for the comfort and support of his wife, the remainder over to go to the daughter free of trust, if she should survive her mother, and if she should predecease her mother, then to his wife discharged of all trust.  Powers to change investments were given in comprehensive terms to his trustee and to " any successor to her duly appointed by the Court."  The auditor reports that the daughter died before the wife and that Mackintosh, as trustee, received, according to the inventory filed by the trustee plus $37.50 omitted from the inventory, $5,937.50.  He further finds that the inventory consisted of three items of personal estate, appraised as follows:

" Mortgage Note of James Hutchinson          $  800.
Mortgage Note of James H. Whetton et al     4,200.
Deposit in Home Savings Bank, Boston          900.
                                            ─────────
                                            $5,900."

He found " It is agreed by both the petitioner and counsel for the respondent that the trust created by the said second clause of the will of John M. Hodge terminated with the death of Carrie I. B. Moran; " that it was the duty of the trustee on his appointment to transfer to the wife of the testator the trust estate, then consisting of two mortgage notes and the bank deposit, and terminate the trust of record; that the wife, a woman now eighty years of age, desired this to be done and at different times urged the petitioner to turn the property over to her, but that no part of the principal, with the exception of $100, has been paid to her.

He finds that Mackintosh collected the Whetton mortgage note for $4,200, constituting more than two thirds of the entire estate, and invested this money, with the exception of a small sum which was deposited in a savings bank, in bonds which were his own personal property and were transferred by the petitioner through a third party from

himself to the trust estate; that the trustee should account for the original property ($5,937.50) plus income during the period of accounting ($932.70), $6,870.20; less the $100 payment of principal, $662.47 payments of income, appraisers' fees $15, trustee's miscellaneous expense $10, and a lump sum of $100 for trustee's services (a total deduction of $887.47), leaving the balance due $5,982.73. The allowance of $110 for services and expenses was to compensate not for the things actually done but for " services he was appointed to perform." The trustee thereupon filed certain objections to the report; and later twenty exceptions, eighteen of which rested upon and followed in terms the objections; he also filed a motion to recommit the auditor's report " because the auditor did not in accordance with Equity Rule 31 of Supreme Court Rules and Equity Rule 22 of the Probate Court Rules furnish the parties or their attorneys, with a copy of his draft report." The motion to recommit was disallowed July 5, 1922, and an appeal therefrom was duly filed, as was also a bill of exceptions, which bill was disallowed by the judge of probate and dismissed in this court on petition to establish them. *Mackintosh, petitioner,* 246 Mass. 482.

January 13, 1923, the respondent, Carrie A. Hodge, filed a bill in the Probate Court setting forth the facts found in the auditor's report and praying that the objections to the auditor's report be overruled; that the motion to recommit to the auditor be denied and dismissed; that the claim of appeal be dismissed as it was not seasonably filed; that the report of the auditor be approved; that a decree be made that the trust terminated with the death of Carrie I. B. Moran; that the amount of income received since the findings of the auditor be added to the amount by him found to be due; that the auditor's report be confirmed and that the amount found due be ordered paid. The trustee answered, in substance, on the lines set down by him as a reason why the report should be recommitted, and also answered that the beneficiary engaged him before and at the time of his appointment to manage the estate for her and to pay her the income for a considerable period of time; that his acts

had been in accordance with that understanding; that he made an agreement with the authorized attorney of Mrs. Hodge to settle all litigation by the payment and transfer of cash on securities amounting to $3,750, as is particularly set forth in a " cross bill filed in answer hereto."

A hearing on all these matters was had in the Probate Court, with a commissioner appointed to take the evidence. The judge made findings of the material facts and ordered and decreed, in substance, that the objections to the report of the auditor be overruled and denied; that the motion that the report be recommitted for further hearing is dismissed; that the claim of appeal is dismissed, the same not having been seasonably perfected; that the report of the auditor is approved; that the trust established under the will of John M. Hodge terminated on the death of Carrie I. B. Moran as is provided in the second paragraph of said will, and that said Herbert B. Mackintosh, trustee, is hereby ordered and directed to pay over and transfer to said Carrie A. Hodge, forthwith, the sum of $5,511.69 and the mortgage note of James Hutchinson, amounting to $800, making a total of $6,311.69. The judge also ordered and decreed that the cross bill for the specific performance of the alleged agreement of settlement be dismissed. The case is before us on appeal of the trustee.

We shall consider the questions in the order in which they are presented in the brief of the trustee.

1. The specific performance of the alleged agreement of the attorney for the beneficiary to accept $3,750 in settlement: The judge, in substance, found that the trustee attempted to enter into an agreement with the attorney for the beneficiary to turn over said trust estate if the attorney would accept a less amount than was actually due the beneficiary; that the attorney at the time of said attempt relied upon the statement of the trustee as to the true facts and figures relating to the trust estate; that later the same day, upon reaching his Boston office and after an examination of the papers relating to the trust estate, he wrote the said trustee calling his attention to certain alleged misrepresentations and misstatements of facts. The evidence

reported warrants a finding that the attorney misconceived the force of the terms of the receipt and believed that, in substance, it spoke the condition of a settlement, contained in a letter to the trustee dated July 29, 1922; it also warranted a finding that the trustee knew that such was the mistake and belief of the attorney, and knowing such fact remained silent with the intent to take the gain which would come to him from the enforcement of the ill-considered unconscionable agreement.   In such circumstances of unfair conduct and inequitable advantage taken, it is too plain for serious discussion that a court of equity will in the exercise of its discretion refuse specific performance of the agreement.   *Banaghan* v. *Malaney*, 200 Mass. 46.   Williston, Contracts, § 1425.   The letters of December 6 and 30, 1922, were admissible in connection with the letter of July 29, 1922, to show the mistake of the attorney and the attitude of the trustee in relation thereto.   The exclusion of the evidence that the trustee, relying on the agreement, had gone directly to Boston, had laid aside projects and made arrangements to have the money definitely ready to meet the terms of the agreement, was not error.   If proved, such fact would not establish a consideration for an agreement to accept less than the whole of the debt due from the trustee to the estate, and would not make clean the desire of the trustee to profit by the known mistake of the attorney. The decree dismissing the cross bill was right.

2. The finding of the auditor and the ruling of the judge " that the trust created by the second clause of the will of John M. Hodge terminated with the death of Carrie I. B. Moran: " The will plainly provides that the property and estate remaining upon the death of the daughter before the death of the wife shall then be transferred, paid over and conveyed to the wife discharged of all trust.   The provision that the trustee and her successor shall have the right to invest and reinvest the property, after the death of the daughter, did not confer a right in a succeeding trustee to prolong the administration of the trust to the exclusion of a right in the beneficiary to have an immediate conveyance or transfer of all the trust property, upon the appointment

of a trustee who could do so by virtue of his legal title to the trust estate. The quoted provision clearly has reference to the original trustee or to a successor of that trustee during the life of the daughter, and is inapplicable should the daughter die before the mother and nothing remains for a succeeding trustee to do, other than to convey the property to the mother as the will directs. *Heard* v. *Read,* 171 Mass. 374. *Jackson* v. *Jansen,* 6 Johns. 73, 79. Compare *In re Lord Sudeley & Baines & Co.* [1894] 1 Ch. 334. *Dodson* v. *Ashley,* 101 Md. 513.

As the finding and ruling were right, the question, whether the investments of this trustee were such as a trustee can legally make, was not a fact which was properly in issue. It follows that the rulings of the judge relating to the qualification of alleged experts, called to give testimony as to the value of such properties as well as to whether they were legal investments for trust funds, were not prejudicial errors if they were erroneous, which we do not intimate.

3. The finding that the trustee refused to transfer the property to the beneficiary after repeated demands is supported by the finding of the auditor, that the beneficiary " at different times urged the petitioner to turn the property over to her," and by conflicting testimony at the hearing before the judge. The answer to the claim that the beneficiary ratified the acts of the trustee by her letter dated January 31, 1921, is (1) that such letter clearly does not refer to all the investments and (2) that because it does not appear that she knew at the time of writing the letter that the trustee had purchased his own securities with the trust funds without express authority; and there was nothing in the evidence to show that the beneficiary knew what the income sent her was derived from, nor that she knew that the trustee had bought bonds from himself. *St. Paul Trust Co.* v. *Strong,* 85 Minn. 1. *Nichols, appellant,* 157 Mass. 20. *Magruder* v. *Drury,* 235 U. S. 106. *Poole* v. *Munday,* 103 Mass. 174. *McKim* v. *Glover,* 161 Mass. 418. *In re Sykes* [1909] 2 Ch. 241.

4. After a careful examination of the report and the evidence, we find no error in the finding of the judge as to the

balance due from the trustee upon his account at the date of the filing of the decree; of course interest is to be added to such balance to the date of the final adjustment of his account in the Probate Court. The short answer to the " objections and exceptions," twenty in number, is that objections and exceptions cannot be taken in the Probate Court to the report of an auditor. *Keith* v. *Marcus,* 182 Mass. 320. G. L. c. 221, § 57. See G. L. c. 221, § 56. The motion to recommit was addressed to the discretion of the judge. *Kendall* v. *Weaver,* 1 Allen, 277. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 372. On the refusal to recommit, the proper course of the trustee was to introduce evidence at the trial calculated to overcome the *prima facie* effect of the auditor's report. *Fletcher* v. *Powers,* 131 Mass. 333. *Somers* v. *Wright,* 114 Mass. 171.

It results that the decrees are affirmed.

*Decrees affirmed.*