## Keen's Estate.

*Trusts and trustees—Two trust estates—Improper payments of income—Costs.*

1. Where a testamentary trustee, who is also a trustee for the same two beneficiaries in another trust estate, mingles the income from the two estates and improperly charges all payments of income to one of the beneficiaries against the first fund, and it appears that such beneficiary is also remainderman of her share of the first fund, the trustee after the death of such beneficiary will not be allowed to charge all payments made to her from both estates, against her in the first estate, so that overpayment of interest would be made up from the principal coming to such beneficiary as remainderman.

2. In such case, as the first trust was spendthrift in character and anticipation of payments forbidden, and as it was claimed that the method adopted involved a devastavit in the principal of the first estate, the decree entered allowing such charges will be reversed, with direction that the account shall be taken up again when the account in the second trust estate comes up for audit.

Argued May 16, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 188 and 196, Jan. T., 1928, by James A. Walker, executor under will of Beatrice K. Wescott, deceased, in No. 188, and the Pennsylvania Co. for Ins. on Lives, etc., administrator of the estate of Mabel Keen, deceased, in No. 196, from decree of O. C. Phila. Co., April T., 1908, No. 196, dismissing exceptions to adjudication, in estate of Stella M. Keen, deceased. Reversed.

Exceptions to adjudication of VAN DUSEN, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by THOMPSON, J.

James A. Walker, executor of Beatrice K. Westcott, deceased, appealed in No. 188.

The Pennsylvania Company for Insurances on Lives, etc., administrator of Mabel Keen, deceased, appealed in No. 196.

*Errors assigned* in each case was decree, quoting record.

*James A. Walker*, of *Walker & Asnis*, for appellants.

*Thomas Raeburn White*, with him *Albert B. Maris* and *John Cadwalader, Jr.*, for appellees.

PER CURIAM, May 16, 1928:

The account before the court below was filed by the executors of a deceased trustee. It appears that this trustee, under the will of Stella M. Keen, deceased, for

her two daughters, Beatrice and Mabel, also held or had in charge for their benefit a fund in another estate, hereinafter called the Pleasonton Fund. In making payments of income, the trustee failed to distinguish from which of the two funds the income was derived. The court below found that, by charging all such payments made to Beatrice against the Keen Fund, it would appear that the trustee had largely overpaid her on income account; that Beatrice having died (after the death of the trustee), and she being in effect the remainderman of her share of the Keen Fund, as well as life beneficiary, a short cut (as expressed by counsel for accountants) could be made by following this method of charging all payments of income made to Beatrice from both estates against her in the Keen Estate, and, so far as this method would show, an overpayment of income from that estate was made, by taking such overpayment from the principal coming to her as remainderman. Counsel for accountants explain that, if this short cut method is allowed to stand, the income thus charged against the principal in the Keen Estate will not be charged against income in the Pleasonton Fund; and in this way, while the fund in the first estate is reduced, the fund in the other estate will be correspondingly increased.

The auditing judge, in vindication of the course pursued by him, and outlined above, states in his adjudication: "The only person who would have a right to complain that the accountant thus anticipated payments to [Beatrice] would be [Beatrice] herself; and the only ground on which she could complain would be that, by making such payments, the accountant destroyed the principal of the spendthrift trust," upon which he held her property in the Keen Estate.

The will under which the trustee held the principal in the Keen Estate forbade anticipation of payment. Moreover, such a "short cut" method as that pursued in this case only added greater complexity to an already confused situation in the administration of these two

estates, and we cannot give our approval thereto. Counsel for the accountants disclaimed any intention on the part of the deceased trustee to "destroy the principal of the spendthrift trust," and, while defending the right of the auditing judge to do as he did, attributed the complaint of the executor under Beatrice's will (appellant at bar) of a devastavit in her share of the Keen Estate, entirely to the above described method of caring for the payments of income from both the Pleasonton and Keen Funds by charging them all against the latter.

We shall not undertake to pass upon the alleged devastavit, or the explanation of counsel for accountants, nor shall we further examine any of the numerous assignments of error; for this record must be returned to the court below with directions that the account shall be taken up again for final adjudication when the account in the Pleasonton Estate comes before that tribunal for audit.

In order that another method of distribution consistent with the views here expressed may be pursued, the decree appealed from is reversed; costs to await a future order.