## Keen's Estate.

*Maurice Stern* and *James A. Walker*, for exceptants.

*Thomas Raeburn White*, contra.

VAN DUSEN, J., Jan. 21, 1931.—1. We have read the opinion of the Supreme Court [293 Pa. 267] carefully with the exceptants' argument in mind, and are of the opinion that the case was sent back to this court only for reconsideration of the distribution ordered. It is not to be supposed that the Supreme Court intended that we should review the whole case again without any guide, because of error found in one part of it. For this reason we cannot pass on the merits of any exceptions, except so far as the error in distribution affects them.

2. One set of exceptions is to the refusal to disallow commissions to the accountant. All the reasons given have already been considered by us except that it is now argued that the mingling of Keen and Pleasonton accounts led to the error in distribution, aggravated by the failure of the accountant to call attention to the fact that there were still Pleasonton funds on hand. Counsel for the accountants replies that he said nothing because the error seemed to him harmless. The present writer, as auditing judge, was the originator of the error. There is no way of telling whether this court would have seen and corrected it if the facts had been known after the adjudication. The effect of what was done in the trustee's lifetime in the way of mingling funds does not appear any different now from what it was at the first audit; and the policy of the trustee's representatives after his death, even if mistaken, in resisting a bitter contest in which unquestioned actual distribution was disputed on technical grounds, ought not to affect the trustee's compensation.

3. But such policy may have a great deal to do with the compensation of counsel payable out of the estate. At the first audit, counsel for the accountant was allowed a fee of $400 for services to the end of that audit, apportioned to that part of the attack upon the trustee which was unsuccessful, following Price's Estate, 81 Pa. 263. After hearing before the court en banc, and the appeal to the Supreme Court, and the re-hearing before the auditor, counsel asked $3500 additional for services to the end of that audit. The auditor allowed $3250, remarking that the appeal was "barren of result" to the exceptants. There will be more to say in the Pleasonton opinion (filed herewith) [14 D. & C. 699] about the difficulty of applying Price's Estate. As the services all appear on the face of the record and nothing depends upon the credibility of witnesses, we are in as good a position as the auditor to fix the fee, and we do not think he gave due weight to the reversal by the Supreme Court. In part, the exceptants' position was sustained, and in fact the application of payments to Keen or Pleasonton has become material in the Pleasonton Estate in considering possible uninvested balances. Exception No. 8 is sustained so far as to reduce the counsel fee of $3250 to $2500.

4. The trustee held a mortgage which was in default. He took a deed in his own name and later sold the property and took another mortgage, which was paid off. At the first audit the exceptants asked a surcharge for the loss of interest which was suffered but not on the ground that the deed was taken in the trustee's own name, or at least not clearly on that ground. This was refused. Before the auditor the claim was renewed and the ground mentioned was clearly stated. The auditor refused it because the matter was raised at the first audit, at which time all possible grounds should have been presented. In passing on exceptions to his draft report, the auditor gave as an additional reason for his action the failure of the exceptants to give this particular reason in the written objections filed with him. In this the auditor was mistaken, but his action was correct for the reason he first gave.

The exceptants also objected before the auditor to the credit for taxes on the property, part of which accrued before and part after the trustee took title; but the exceptants did not reject the debit for rents collected and accounted for by the trustee while he held title. This objection was properly not sustained because it should have been made at the first audit. It is worthy of consideration also whether the exceptants may accept part and reject part of the transaction under Carr's Estate, 24 Pa. Superior Ct. 369, and Freas's Estate, 231 Pa. 256.

We notice these exceptions specially, though they fall within our general conclusion that such matters are not now before us, because of the auditor's error, and because of the shifting of the ground of objection.

All the exceptions are dismissed except No. 8, which is sustained so far as to reduce counsel fee from $3250 to $2500; and as so modified, the auditor's report is confirmed absolutely.