## Yost's Estate.

Argued October 5, 1934.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. Denning Stewart,* with him *John K. Benn* and
*J. Weinman Cratty,* for appellant.

*Henry W. Fulton,* with him *Park J. Alexander* and
*William E. Fulton,* for appellee.

OPINION BY MR. JUSTICE DREW, November 26, 1934:

By his last will and testament, William Yost devised
and bequeathed his residuary estate to the Fidelity Title

and Trust Company, now the Fidelity Trust Company, of Pittsburgh, in trust to pay the income to his son John Yost for life, and upon his death to pay the principal to such persons as he should by will appoint. Exceptions were filed in the court below by the beneficiary to the fifth account of the trustee, complaining, inter alia, that a certain mortgage, now foreclosed, was taken by the trustee in its own name, and not as trustee of the estate, for which reason the beneficiary, having so elected, claimed to be entitled to the repayment in cash of the trust funds invested in it. From the decree confirming the account the beneficiary has appealed.

The mortgage in question was given by one F. M. Henderson to the trust company in 1924, in the amount of $22,000, payable in monthly installments, with the balance due at the expiration of five years. The trust company took and held the mortgage in its own name and placed it in an installment mortgage pool. Shortly afterwards, Henderson conveyed the property to Irene A. Woods, who assumed the mortgage. In October, 1926, she and her husband, to whom she had conveyed an interest in the property, asked to be relieved of the requirement of monthly payments. After some negotiation, their application was granted by the company, it being then agreed that the time of payment should be extended for three years from October 18, 1926, no payment of principal to be made during the term of the extension, but interest to be paid semiannually. Since it was no longer an installment mortgage, it was taken out of the mortgage pool, and on October 18, 1926, it was allotted to the Yost estate by a declaration of trust placed on the books of the company, although title continued to be held by the company in its own name. At this time the amount due on the mortgage was $17,000. The record discloses no notice to the beneficiary of the fact that funds of his trust had been invested in this mortgage until at least two years after the allotment was made. In July, 1933, foreclosure proceedings were

begun, for default in payments and failure to produce tax receipts. At the sheriff's sale the property was bought in by the company for costs and taxes.

Appellant contends that the company acted improperly in continuing to carry the mortgage in its own name after allotting it to the estate, and that the mere execution of a declaration of trust on the books of its trust department was an insufficient compliance with section 29 of the Act of April 29, 1874, P. L. 73, as amended by the Act of May 9, 1889, P. L. 159, and by the Act of April 6, 1925, P. L. 152.* With this we are entirely in accord. That act as amended requires that trust companies "shall keep all trust funds and investments separate and apart from the assets of the companies, and all investments made by the said companies as fiduciaries shall be so designated as that the trust to which such investment shall belong shall be clearly known." We are unable to agree with the opinion of the court below that the company's declaration of trust on its books was a sufficient compliance with the act. Where the trust to which the investment belongs is designated in no other way than by a declaration on the company's

---

* This section contains the following provisions:

"The said companies shall keep all trust funds and investments separate and apart from the assets of the companies, and all investments made by the said companies as fiduciaries shall be so designated as that the trust to which such investment shall belong shall be clearly known: Provided,......That said companies may assign to their various trust estates participation in a general trust fund of mortgages upon real estate securing bonds, in which case it shall be a sufficient compliance with the provisions of this section for the company to designate clearly on its records the bonds and mortgages composing such general trust fund, the names of the trust estates participating therein, and the amounts of the respective participations; and in such case no estate so participating shall be deemed to have individual ownership in any bond and mortgage in such fund, and the company shall have the right at any time to repurchase at market value but not less than face value any such bonds and mortgages from such fund, with the right to substitute therefor other bonds and mortgages."

books, the allotment is "clearly known" to no one except the company. While the act as amended in 1925 provides that a clear designation on the company's records shall be a sufficient compliance in the case of a mortgage pool, the mortgage here had been taken out of the pool and put into the Yost trust. The company was therefore under the same duty in regard to it as in the case of any other specific piece of property acquired for a specific trust. Whether it acquired the property from another or from itself, as in this case (a practice of which we do not approve but of which no complaint is here made), it should have taken title as trustee for the specific trust, by an instrument designating it as such and placed upon public record, so that all persons interested might be put upon notice of the trust: Freas's Est., 231 Pa. 256; Carr's Est. (No. 1), 24 Pa. Superior Ct. 369; see Restatement, Trusts (Tentative Draft No. 2), section 174, comment d. Only when such precautions have been taken is the beneficiary properly protected from the danger of an unfaithful trustee's subsequently claiming the property as his own and from the possibility of attacks by the trustee's creditors. A failure of the company to realize that a mortgage allotted to a specific trust could not be treated like a mortgage in a pool, but imposed different duties upon it, would not, of course, serve to excuse it from the neglect of such duties.

It is well settled that where a trustee invests trust money in property which he takes in his own name as an individual the beneficiary has the option to accept the investment or require the trustee to account for the money so invested, with interest: Morris v. Wallace, 3 Pa. 319; Stanley's App., 8 Pa. 431; Royer's App., 11 Pa. 36; Freas's Est., supra; Carr's Est., supra; see McAllister v. Com., 30 Pa. 536; Norris's App., 71 Pa. 106. We see no reason for changing so settled and salutary a rule. As was said in Matter of Union Trust Co., 219 N. Y. 514, "It has been quite universally held

that a trustee should not invest trust funds in his own name. Such rule of law should not be abandoned, qualified, or in any way impaired......There is no difference between a corporate trustee and an individual trustee in its or his duty in respect to investments. Trust funds should not only be kept independent of individual and other trust funds, but the investments thereof should, so far as possible, be clearly defined, and at all times stamped with the individual trust to which they severally belong." The trustee should not be permitted so to make an investment that he can call it his own today, if good, and tomorrow, if bad, ascribe it to the trust, or shift it from one trust to another, or leave it subject to attack by creditors as his individual property. Only by giving the beneficiary a right to make the trustee account for funds thus invested can a practice so fraught with danger be effectually prevented. Nor is the danger less where the trustee is a corporation than where the trustee is an individual.

This case is ruled by Freas's Est., supra. There a trust company foreclosed a mortgage held in trust by it, and at the foreclosure sale bought in the property in the name of one of its officers. For four years thereafter the company permitted the record title to remain in the name of its officer, without any other designation of the trust than a declaration of trust executed by the officer and placed in its files. We held that the beneficiary was entitled to require the company to account for the amount bid at the foreclosure, with interest.

It follows that appellant is entitled to the option of affirming the transaction or of making the trust company restore the funds expended, with interest. The contention is made that his subsequent conduct amounted to an affirmance and that he was thereby debarred from repudiating the transaction. It is true that before the foreclosure sale he was informed that the mortgage was held for the trust, and that the sale was postponed for several months at his request. No-

where in the record does it appear, however, that he was at any time aware of the fact that title was in the trustee's own name and that there was no other designation of the trust than the entry on the company's own books. Clearly the beneficiary cannot be held to have affirmed the transaction when he was in entire ignorance of the facts out of which his right to disaffirm arose: Gates v. Megargel, 266 Fed. 811; White v. Sherman, 168 Ill. 589; Hodge v. Mackintosh, 248 Mass. 181; see Restatement, Trusts (Tentative Draft No. 3), section 210.

The trust company argues that the practice which it followed is approved by the Act of 1925, supra. However, the portion of the act upon which it relies refers only to mortgages placed in mortgage pools, in which various trust estates participate in undivided shares. In such case, the statute makes an exception to the general rule—an exception which is plainly necessary to the successful operation of mortgage pools, but which does not extend beyond that situation. There is no merit in the company's contention on this point.

Since the company's actions were in good faith, it is chargeable with no more than the amount of the funds taken from the trust on account of the investment in the mortgage, with simple interest. From this amount must be deducted any payments to the trust of interest on the mortgage, and any payments to it of principal thereon, with simple interest on such payments of principal from the dates on which they were made.

The decree of the court below is reversed at the cost of appellee, and the record is remitted for further proceedings in accordance with the views herein expressed.