## Oakman's Estate

*Joseph Atlas,* of *Heine & Schembs,* for exceptant.

*Harry Howard Bent* and *William Henry Snyder,* contra.

STEARNE, J., December 20, 1935.—The principle enunciated in Yost's Estate, 316 Pa. 463, does not rule the facts in this case. There a corporate trustee allotted to a trust a mortgage held by it in its own name, but continued to carry the mortgage in its own name and executed a declaration of trust. Manifestly, in such a case, there was an insufficient designation of the mortgage as trust res, and the trustee was surcharged. Here most of the investments were originally taken in the corporate trustee's own name, with participating certificates issued to the trust. However, in 1925, when such procedure was deemed irregular, the mortgages were transferred to the corporate trustee as trustee. The assignments were duly recorded and the title has thus remained until the present trust terminated. We cannot add anything more than what the auditing judge has correctly stated.

The exceptions are dismissed and the adjudication is confirmed absolutely.