CARMELLA CARILLI *vs.* SUMNER D. HERSEY & others.

Suffolk. December 8, 1937. — December. 28, 1937.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Mortgage*, Real estate: foreclosure. *Auction.*

A sale of real estate in foreclosure of a mortgage was not rendered invalid by an adjournment of the sale for less than an hour to enable the

highest bidder to obtain cash for his deposit as required by the notice of the sale, the auctioneer after the adjournment having called for higher bids and received none.

BILL IN EQUITY, filed in the Superior Court on December 16, 1936, and afterwards amended.

The plaintiff appealed from an interlocutory decree and from a final decree dismissing the bill, entered by order of *F. T. Hammond*, J.

*D. J. Lucey*, (*P. J. Powilatis* with him,) for the plaintiff.

*F. I. Rose*, for the defendants.

Cox, J. About June 1, 1936, the defendant Hersey gave the plaintiff a written lease of the premises at 505 Old Colony Avenue, Dorchester District, in Boston. The term of the lease was for three years with a renewal privilege for two years and, among other things, the lessor agreed that he would not sell the premises without first offering them to the plaintiff on as favorable terms as to price and payment as might be offered by any other prospective purchaser. About July 22, 1936, Hersey conveyed the premises to the defendant Hettinger who was his straw or nominee. Upon learning of this conveyance, the plaintiff brought a bill in equity, which is not before us, against Hersey and Hettinger, seeking to have her rights determined under the lease as well as the question of the ownership of certain buildings which she had erected on the premises. Hersey bought the premises in question about January 2, 1936, five months prior to the lease to the plaintiff, and at the time he acquired title he gave the defendant Kreuzer a good and valid second mortgage on the premises for $1,500, which sum was applied by Hersey to the purchase price of the property. The mortgage contained a provision whereby the mortgagor and those holding his estate covenanted and agreed that any building "and/or" improvements thereafter erected or placed on the land were to become a part of the premises and were to be included in the mortgage and covered by it. In October, 1936, Hersey being in default as to the terms of the second mortgage, as to payments of both principal and interest, Kreuzer instituted foreclosure proceedings and on December 14, 1936, the premises were

sold thereunder to the defendant McCarthy, a straw or nominee of Kreuzer. The notice of foreclosure was published once a week for three consecutive weeks in a newspaper published in Boston, the advertisement appearing in at least one edition of the newspaper on each day of its publication, the first publication being more than twenty-one days prior to the day of sale. None of the defendants notified the plaintiff of the time, place or conditions of the foreclosure sale and they did nothing to prevent notice thereof reaching her. On the advertised day and hour of the sale, at 9:30 A.M. a duly licensed auctioneer placed his flag on the premises, read the published notice of sale, including the terms of sale, and asked for bids. At least six or seven persons attended the sale and there was considerable competitive bidding, the first bid being at $1,000 and the last at $2,700, which was the highest bid. The auctioneer accepted this bid, which was made by the defendant McCarthy, and declared the real estate sold to him. The latter thereupon handed the auctioneer his check for $500, the amount required by the notice of foreclosure, intending to comply with the terms of the sale, whereupon another bidder, who had bid $2,600 for the property, protested the acceptance of the check on the ground that the notice required the payment to be in cash, and he then offered the auctioneer $500 in cash with the request that his bid of $2,600 be accepted and the property be declared sold to him. The auctioneer refused to accept the $500 in cash and to declare the property sold for $2,600, and thereupon declared the sale adjourned until 10:15 A.M. of the same day on the premises, at which time and place he asked those present, including the person who previously had bid $2,600, for bids in excess of $2,700, and, receiving no such bid, again accepted the bid of $2,700 made by McCarthy and again declared the property sold to him. McCarthy thereupon paid $500 in cash to the auctioneer and on the same day paid him the balance of the purchase price and received a good and valid mortgagee's foreclosure deed from Kreuzer which has been recorded. McCarthy now holds title to the land, which is registered, subject to a first

mortgage. As a result of the foreclosure and the resultant litigation Kreuzer will have expended $3,149. During the hearing before the master, Kreuzer expressed a willingness to give the plaintiff a deed of the premises if she would pay him $3,200 within forty-eight hours. The plaintiff was able to pay this sum within the time specified but did not pay or offer to pay, and never has. At the same time that Kreuzer made this offer he stated that if the plaintiff did not purchase the property, he was willing to give her a lease of the premises upon the same terms and conditions as set forth in the Hersey lease, provided she requested such lease within forty-eight hours. The plaintiff has never requested such a lease. There was no collusion or conspiracy on the part of the defendants or any of them to foreclose the mortgage held by Kreuzer for the purpose of "wiping out" the plaintiff's lease or for any other purposes detrimental to the plaintiff or her interest in the real estate. Kreuzer foreclosed his mortgage in good faith and with *bona fide* intention of protecting the money lent by him to Hersey and to prevent the loss of his interest in the real estate by foreclosure of the first mortgage thereon.

The foregoing are facts found by the master to whom the suit was referred. The bill alleges in substance that the plaintiff as lessee had an interest in the premises and was the owner of certain buildings which she had erected thereon; that she was seeking to have her rights determined in her bill brought against Hersey and Hettinger; that Kreuzer, acting in collusion and conspiracy with Hersey and Hettinger, foreclosed his mortgage for the purpose of depriving her of obtaining satisfaction of the "judgment" obtained under her first bill and for the purpose of "wiping out" her lease. She asks that the foreclosure sale be set aside upon payment to Kreuzer of the amount of his mortgage and that the court order a deed of the premises be given to her and that her damages be assessed. The plaintiff filed objections to the master's report together with a request that he append a brief, accurate and fair summary of the evidence under Rule 90 of the Superior Court (1932), with which request the master declined to comply. She also filed a motion for

recommittal. By interlocutory decree, this motion was allowed and the master ordered "to append to his report a brief, accurate and fair summary of so much of the evidence as is relied on in support of the master's report." The master thereafter filed a report pursuant to this order in which he dealt with each objection of the plaintiff to the report, setting out either a summary of the evidence or a statement that there was no evidence one way or the other bearing upon the subject matter of the objection. He also stated that there was evidence tending to show all the facts set forth in his first report under the heading, "Findings of Fact." The plaintiff filed no objections to this supplemental report, but did .file a motion for another recommittal which was denied in an interlocutory decree overruling the plaintiff's exceptions and confirming the two reports. A final decree was entered dismissing the bill. The plaintiff appealed from both decrees.

The provisions of Rule 90 of the Superior Court (1932) which require a master to append a brief, accurate and fair summary of the evidence, .are applicable only to objections which have been presented to the master and which raise a question of law, or raise the question whether the evidence was sufficient in law to support a finding of fact. *Morin* v. *Clark*, 296 Mass. 479. The record shows that the master complied with the rule in so far as it was involved in the order of recommittal. Whether the suit should have been recommitted a second time was within the discretion of the judge, *Gadreault* v. *Sherman*, 250 Mass. 145, and we find nothing in this record to indicate that this discretion was not properly exercised.

The objections to the report, with the possible exception of number 14, which may involve a mixed question of law and fact, are to certain findings of fact by the master and also to his failure to make certain findings. See *Tuttle* v. *Corey*, 245 Mass. 196, 203. As to this finding (14), which was that there was no collusion or conspiracy on the part of the defendants to foreclose the second mortgage, the master states in his supplemental report that there was an absolute lack of any evidence tend ng to show or to warrant the

inference, or to form the basis for the inference that there was any such collusion or conspiracy. *Haskell* v. *Merrill,* 179 Mass. 120. *Adams* v. *Whitmore,* 245 Mass. 65, 67. *Hermanson* v. *Seppala,* 255 Mass. 607, 609. We find no error in the overruling of the exceptions. There is nothing in the record by way of fact or inference to show that Kreuzer had any notice or knowledge of the plaintiff's lease.

The plaintiff contends that the auctioneer should have accepted the bid for $2,600 when it appeared that McCarthy, who had bid $2,700, did not have the cash with which to make the required deposit. We do not think this is so. The duty of a mortgagee in executing a power of sale contained in a mortgage has been stated so frequently that there is no occasion to do more than refer to the decisions. See *Sandler* v. *Silk,* 292 Mass. 493, and cases cited. Good faith and reasonable diligence on his part toward all parties in interest are fundamental requirements. The adjournment of the sale under the circumstances disclosed may well have been found to be consistent with the general obligation of the mortgagee to make reasonable efforts to prevent a sacrifice of the property. *Way* v. *Dyer,* 176 Mass. 448, 450. Adjournments under somewhat similar circumstances have been upheld where the results have been to the financial disadvantage of the mortgagor. See *Conway Savings Bank* v. *Vinick,* 287 Mass. 448, 453, and cases cited. We see nothing in the plaintiff's contention that the auctioneer's flag was not properly displayed. *Stone* v. *Haskell,* 212 Mass. 283. Moreover, the master found that the auctioneer placed his flag "on said real estate." The publication of the notice of foreclosure was a compliance with G. L. (Ter. Ed.) c. 244, § 14.

We have not found it necessary to deal with the offers of Kreuzer to sell or lease the premises to the plaintiff. Neither offer was accepted and both were voluntary on Kreuzer's part. Nor have we found it necessary to deal with Kreuzer's motion to expunge from the record the master's report and certain orders thereon, in the plaintiff's suit against Hersey and Hettinger. The decision in the suit before us is made without reference to that report or

to any rights which the plaintiff may have as a result of the suit in which that report was filed. We think that the final decree was properly entered. We feel constrained to say that we have not taken into account, as we could not have properly, recitals of alleged evidence appearing in the plaintiff's brief but not in the record. .

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*