CARMELLA CARILLI *vs.* SUMNER D. HERSEY & others.

Suffolk.     May 6, 1938. — May 25, 1938.

Present: RUGG, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Equity Pleading and Practice,* Appeal, Motion, Affidavit. *Evidence,* Presumptions and burden of proof, Affidavit.

An affidavit respecting newly discovered evidence, attached to a motion for a rehearing of a suit in equity, was not conclusive of the facts therein stated.

The denial of a motion for a rehearing of a suit in equity was affirmed on appeal where the evidence heard by the judge did not require its allowance and facts found by him did not appear in the record.

BILL IN EQUITY, filed in the Superior Court on December 16, 1936.

The decrees appealed from were entered by order of *Hanify,* J.

*T. B. Shea,* (*P. J. Powilatis* & *D. J. Lucey* with him,) for the plaintiff.

*A. H. Grossman,* for the defendants.

DOLAN, J.     This is a suit in equity brought in the Superior Court and is before us by appeal of the plaintiff from an interlocutory decree denying a motion for rehearing and from the final decree, entered after rescript, following the decision reported in *Carilli* v. *Hersey,* 299 Mass. 139.

After rescript the plaintiff filed a motion in the Superior Court that the entry of final decree be postponed and that the case be reopened for hearing of evidence newly discovered after argument of her appeal in this court. The motion was accompanied by an affidavit, signed by counsel for the plaintiff, which recited that the plaintiff had come into possession of evidence "not . . . reasonably susceptible

of ascertainment before, during and after the hearings on the merits" of her bill (by which she sought to have a mortgage foreclosure sale set aside), to the effect that the newspaper in which the notice of intended sale was published, upon request of a person offering for insertion such an advertisement, "will make arrangements that the notice referred to will not be inserted in editions which are put in general circulation before the public in such wise that they may be obtained from news stands and newsboys and other sources from which alone one of the public may buy or otherwise obtain a copy of such an edition, but on the contrary will insert the notice in an edition of a limited number of copies all of which are sent to the Legal Department, so-called, of the newspaper, and no one of which is put in general circulation or circulated in any such way as to be available to any member of the public, the office of the Legal Department in which the Legal Edition, so-called, is retained being within the building where the newspaper is printed, that this practice of the . . . [newspaper involved] has existed for many years, unknown to the public which had no reason to suspect its existence and that the statutory notice of foreclosure, upon which the respondents depended for validity of the foreclosure sale, by direction of the respondent, Kreuzer, and in collusion with the respondent, Hersey, was inserted not in an edition of . . . [said newspaper] which was placed in general circulation, but in a so-called legal edition which was never published or generally or to any extent whatsoever circulated before the public of Suffolk County or of any other county and was never seen by the petitioner or any other member of the public, but on the contrary was kept entirely within the office of the Legal Department of . . . [said newspaper] and was not seen by persons other than employees of the said department and the aforesaid second mortgagee or his attorney." The affidavit further recites that the plaintiff and her attorneys diligently watched all newspapers published in Suffolk County (within which the real estate involved is situated) for notice of the "second mortgagee's foreclosure sale but never saw any such notice," and that the reason

for this was that the notice was inserted in an edition of the newspaper involved which was kept entirely within the premises of the newspaper and was never made available to any member of the public by any sort of circulation. The motion was denied and final decree was entered in compliance with the rescript.

The appeal brings before us ". . . all questions of fact, discretion and law, presented by the record." *Trade Mutual Liability Ins. Co.* v. *Peters,* 291 Mass. 79, 83–84, and cases cited. See also *Boston* v. *Dolan,* 298 Mass. 346, 349. The facts found by the trial judge in connection with the hearing on the plaintiff's motion do not appear in the record. The affidavit is not conclusive of the facts therein stated and the judge was not bound to accept it as true. *Germain* v. *Raad,* 297 Mass. 73, 75. See *Commonwealth* v. *Millen,* 290 Mass. 406, 410; *Long* v. *George,* 296 Mass. 574, 579. In the absence of any findings of the judge in relation to his action in denying the plaintiff's motion for rehearing, its denial imports a finding of all subsidiary facts necessary to justify the action taken. See *Trade Mutual Liability Ins. Co.* v. *Peters,* 291 Mass. 79, and cases cited; *Johnson* v. *Johnson, ante,* 24. The entry will therefore be

*Interlocutory decree affirmed.*

*Final decree after rescript affirmed with costs.*