JOHN E. SAVAGE, JR., administrator, *vs.* AGNES A. McCAULEY & others.

Middlesex.    January 9, 1939. — March 1, 1939.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Res Judicata. Equity Pleading and Practice*, Parties, Appeal, Report of material facts. *Equity Jurisdiction*, Interpleader.

After a claimant to proceeds of an insurance policy had had a full hearing of his claim in interpleader proceedings in which next of kin of the insured were rival claimants and his claim had been adjudged unfounded, he had no right to a further hearing following the allowance by the trial court of an amendment substituting the administrator of the insured's estate for the next of kin.

A dismissal by the trial court of an appeal from a decree after rescript was affirmed by this court under G. L. (Ter. Ed.) c. 231, § 133, since a review of such action of the trial court could lead to nothing more than affirmance of the decree after rescript.

BILL IN EQUITY, filed in the Superior Court on February 12, 1938.

Previous proceedings in this suit are reported in 301 Mass. 162. The decrees to which this opinion relates were entered by order of *M. Morton*, J.

*B. Goldman*, for the defendant McCauley.

*T. F. Quinn*, (*D. J. Kelley* with him,) for the plaintiff.

QUA, J. When this cause was here on a previous occasion (*Savage* v. *McCauley*, 301 Mass. 162) this court held that the suit was in the nature of an interpleader in which the defendants Somerville Firemen's Relief Association and John Hancock Mutual Life Insurance Company were mere stakeholders; that the then plaintiffs, John E. Savage, Jr. and Ruth E. Savage, on one side and the defendant McCauley on the other side were rival claimants to the insurance upon the life of John E. Savage; that in such a case any

claimant must establish the validity of his own claim and may not prevail simply because of the failure of an opposing claimant to maintain his claim; that McCauley had failed to establish her claim, because the trial judge had found that she had been named by the insured as a beneficiary in lieu of his estate either by reason of her own undue influence upon the insured or after he had become mentally incompetent to change his beneficiary; and that the then plaintiffs had failed to establish their claims, because the estate of the insured and not the plaintiffs, who were his next of kin, was named as beneficiary before the attempted change. The rescript from this court directed that both the bill and the counterclaim of McCauley be dismissed, unless the Superior Court should allow an amendment substituting as the sole party plaintiff an executor or administrator of the estate of the insured, and that if such amendment should be allowed further proceedings were to be had in the Superior Court not inconsistent with the opinion.

After the rescript a motion was allowed in the Superior Court substituting as the plaintiff John E. Savage, Jr., administrator of the estate of the insured. Thereupon McCauley moved that the case be retried on its merits on the ground that by reason of the change in the parties plaintiff she was no longer bound by the findings against her. She appealed from an order denying this motion and from a final decree after rescript in favor of the substituted plaintiff. The trial judge dismissed these appeals as "frivolous." McCauley now also appeals from the order of dismissal and appeals or attempts to appeal from the refusal of requests for reports of material facts in connection with that order and in connection with the denial of the motion for retrial and with the final decree after rescript. She further appeals or attempts to appeal from an alleged order not appearing in the record denying her request that "the evidence and statements of counsel be reported" and from the refusal of reports of material facts upon the orders denying the requests hereinbefore mentioned.

Notwithstanding this array of appeals the only new

issue not previously decided and bearing upon the merits of the case is the issue whether the defendant-claimant McCauley was entitled to retry her claim after the parties were changed by substituting as the opposing claimant the administrator of the estate of the insured in place of his next of kin. We see no reason to modify or to discuss matters decided when the case was here before.

There is no sound reason why McCauley should be allowed a second opportunity to establish precisely the same claim to the same insurance which after a full and complete hearing in this very case she failed to establish. The findings heretofore made are still binding upon her. See *Pizer* v. *Hunt*, 253 Mass. 321, 331; *Shapiro* v. *McCarthy*, 279 Mass. 425, 434; *Bucholz* v. *Green Bros. Co.* 290 Mass. 350; *Ross* v. *Colonial Provision Co. Inc.* 299 Mass. 39, 41. The formal change in the parties prosecuting a rival claim in no way affected the issues involved in the McCauley claim. If McCauley could not maintain her claim to the insurance when the next of kin of the insured were also claiming it, there is no reason to suppose that she could do any better when the administrator of the insured is the opposing claimant. In either instance she must depend upon her ability to show a title derived from the insured. She has already failed to do that. In *Shapiro* v. *McCarthy*, 279 Mass. 425, 431, 432, it was held that a new defendant was not bound by a verdict rendered before he became a party against a defendant for whom he was substituted. There the substituted defendant had never had his day in court. Here McCauley has had her day in court. She is not entitled to another.

It may well be that the administrator, now in court for the first time, would have had a right to be heard upon any findings adversely affecting him, if there had been any such findings, but that circumstance is not a reason for granting a new trial to McCauley. Even after the entry of final judgment the rule of mutuality of estoppel is subject, at least in certain instances, to exceptions where a party attempts to retry the same issues upon which he has already been defeated in an action by him against a third party.

*Giedrewicz* v. *Donovan*, 277 Mass. 563, and cases cited. *Tighe* v. *Skillings*, 297 Mass. 504. *Atkinson* v. *White*, 60 Maine, 396. *Portland Gold Mining Co.* v. *Stratton's Independence, Ltd.* 158 Fed. 63. Compare *Pesce* v. *Brecher*, *ante*, 211. The principle illustrated by these cases is applicable here.

The technical disposition of the appeals requires some attention. It follows from what has been said that McCauley's motion for a retrial on the merits was properly denied, and that the decree after rescript was right and was required by the position in which the case then stood. The judge was under no obligation to file a report of material facts in connection with the denial of the motion or with the entry of the decree after rescript, as no issues of fact were involved in those matters. *Montgomery* v. *Richards*, 275 Mass. 553, 554. Obviously a reversal by us of the order dismissing the appeals from the denial of the motion and from the decree after rescript could lead to nothing more than the eventual affirmance of the decree after rescript, whether or not, after a report of material facts, we should agree with the trial judge that those appeals were "frivolous" and intended merely for delay. In other words, further prolongation of this litigation cannot possibly be of any practical advantage to the appellant McCauley and will be a detriment to all other parties and to the public interest. McCauley ought not to be permitted to prolong it merely to have this court review a finding which cannot affect the ultimate result. She has been fully heard upon all matters which enter into the final disposition of the case.

It is provided by G. L. (Ter. Ed.) c. 231, § 133, among other things, that if "a further appeal" is claimed from an order dismissing an appeal from a decree after rescript "it shall not operate to suspend or supersede the carrying into effect of the terms of the decree, and the full bench of the supreme judicial court may order such dismissal of appeal affirmed . . . ." In view of the clear purpose of this section to accelerate, even by drastic methods, the final disposition of cases after a decision has been had on

the merits, we think that we are justified under this statute in affirming the dismissal for any cause which will promote the speedy and efficient administration of justice, and that the evident futility of further proceedings is in itself a sufficient cause.

We do not decide whether an appeal is a proper remedy for a refusal to report material facts under the statute. See *Restighini* v. *Hanagan, ante,* 151, 154–155.

The order dismissing the appeals is affirmed with costs to the administrator. As a consequence all the appeals from other decrees and orders become immaterial and are dismissed.

*Ordered accordingly.*