JOSEPH L. STURTEVANT *vs.* HENRY FORD & others.

Middlesex.    October 7, 1938. — April 17, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & DOLAN, JJ.

*Water Rights.*

A final decree following the decision in *Sturtevant* v. *Ford*, 280 Mass. 303, was reversed and a proper form of decree stated.

BILL IN EQUITY, filed in the Superior Court on October 28, 1929.

The decree now appealed from was entered by order of *M. Morton,* J.

*H. C. Thompson,* for the defendants.

*C. H. Baldwin,* for the plaintiff.

LUMMUS, J.    After the decision and rescript in *Sturtevant* v. *Ford,* 280 Mass. 303, a final decree* was entered on May 2, 1938, and from it the defendants appealed to this court.   The plaintiff, a lower riparian owner, complained in this suit of a diminution in the flow of water in Hop Brook in Sudbury, caused by acts of the defendants, riparian owners above him.   Our former decision, besides vacating an award of damages, held that the defendants had not used the waters of the brook unreasonably except in connection with the Carding Mill Pond, a new pond created by the defendants by building a dam near the plaintiff's boundary line.   The unreasonable use of that pond consisted in holding back water for no practical purpose, with the result that some of it was lost by evaporation and much of it seeped into a neighboring watershed and never flowed down Hop Brook.   The opinion concluded: "If and when a final decree is entered, the relief, so far as injunctive in nature, must be confined exclusively to the Carding Mill Dam and the waters thereby held back, and reference to any and all other dams, gates and works of the defendants must be eliminated."

The defendants, in our opinion, are right in their contention that the final decree purports to require the defendants to provide and supply, from any water anywhere under their control, the amount of water that may be necessary

---

* That decree was in the following words: — "This cause came on to be further heard in the matter of the final decree after rescript from the Supreme Judicial Court and, after argument by counsel and upon consideration thereof, it is ordered, adjudged and decreed that the defendants and each of them, their agents, servants, attorneys and successors in title, be and they hereby are permanently restrained and enjoined, while they maintain a dam at Carding Mill Pond at Hop Brook, and while they do not use the waters thereby held back for any purpose other than that recognized by the law as a useful purpose, and at times when they have sufficient water within their control to provide the flow herein as described, from so withholding the waters of Hop Brook, and from so operating the said dam, gates and works, or any of them, at said Carding Mill Pond. as to deprive the plaintiff of a practically continuous flow of water in said brook which shall be equal to four cubic feet per second."

to maintain in Hop Brook a continuous flow of water which shall be equal to four cubic feet a second.

The final decree is reversed. A new final decree of the following tenor is to be entered: — This cause came on to be further heard upon the matter of the entry of a final decree after rescript from the Supreme Judicial Court, and thereupon, in conformity to said rescript, it is ordered, adjudged and decreed that the defendants and each of them, their agents, servants, and attorneys, be and they hereby are permanently enjoined and restrained from holding back the waters of Hop Brook in the town of Sudbury by means of a dam, gates or works at Carding Mill Pond so as to deprive the plaintiff, his heirs, successors or assigns, of a practically continuous flow of water in said brook of four cubic feet a second; provided, that this decree shall not require a greater flow of water than the volume of water held back by said dam, gates and works may permit; and provided, also, that this decree shall not require a flow of water sufficient to impair any actual reasonable use by the defendants or their heirs, successors or assigns of the waters of Carding Mill Pond.

*Ordered accordingly.*