CARMELLA CARILLI *vs.* SUMNER D. HERSEY & others.

Suffolk.     January 4, 1939. — April 18, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & COX, JJ.

*Equity Pleading and Practice*, Decree, Appeal, Proceedings after rescript, Rehearing, Report of material facts.

Statement by LUMMUS, J., of the principles of law as to decrees after rescript in equity and appeals therefrom.

An appeal in a suit in equity from a final decree after rescript where no new question had arisen as to the form or substance of the decree and it conformed to the rescript's terms was adjudged frivolous and was dismissed with double costs although accompanied by an attempted appeal from a denial by the trial court of an application for a reopening of the case for further hearing.

No appeal lies from a mere refusal of a request under G. L. (Ter. Ed.) c. 214, § 23, for a report of material facts after a decree.

No appeal lies from a refusal to reopen a suit in equity for further hearing after final decree, appeal and rescript.

BILL IN EQUITY, filed in the Superior Court on December 16, 1936, and afterwards amended.

Decisions in the Superior Court were by *Hanify*, J.

*D. J. Lucey*, (*P. J. Powilatis* with him,) for the plaintiff.

*A. G. Grossman*, (*M. E. Copen* & *E. L. Nigro* with him,) for the defendants.

LUMMUS, J. This case has been here twice before. The plaintiff was a lessee of one Hersey and had sued Hersey and his agent Hettinger for specific performance of a contract not to sell the premises to another without first offering them to the plaintiff upon equally favorable terms. In the present suit she seeks to set aside a foreclosure sale to one McCarthy upon a mortgage given by Hersey to one Kreuzer prior to the lease to the plaintiff. When the case was first here we affirmed a final decree dismissing the bill. *Carilli* v. *Hersey*, 299 Mass. 139.

On the second occasion we affirmed a decree denying a motion for rehearing on the ground of newly discovered evidence, made after our rescript to the court below, and also affirmed with costs a final decree dismissing the bill in accordance with our earlier rescript. *Carilli* v. *Hersey*, 300 Mass. 329. This last decision was made on May 25, 1938. On June 13, 1938, the plaintiff moved again for a rehearing, this time on the ground that allegations made by one Murphy in a suit against Hersey tended to show that he and Kreuzer and McCarthy were engaged in a conspiracy to deprive the plaintiff of her contractual rights. The judge denied a rehearing, and on June 14, 1938, entered a new final decree in precise accordance with our second rescript. The plaintiff claimed appeals from the final decree, the refusal to open the case for rehearing, and the refusal to make a report of material facts. There was no evidence in support of the motion for a rehearing, except an affidavit that had been already disposed of when the case was here for the second time. The appeals are frivolous. G. L. (Ter.

Ed.) c. 211, § 10. Further prosecution of this case in the manner in which it has been prosecuted would be an abuse of the right to litigate. *Pepper* v. *Old Colony Trust Co.* 268 Mass. 467, 471. The only remaining question is, What disposition ought to be made of the appeals.

It is true that a rescript affirming a final decree, or directing the sort of final decree to be entered, is not itself a final decree. *Merrill* v. *Beckwith*, 168 Mass. 72, 75. *Day* v. *Mills*, 213 Mass. 585, 587. *New York Central & Hudson River Railroad* v. *T. Stuart & Son Co.* 260 Mass. 242, 248. The entry of an appeal in this court vacates a final decree (other than a final decree after rescript); and even though the decree appealed from be affirmed on appeal, a new final decree has to be entered in the trial court in conformity with the rescript. *Sunter* v. *Sunter*, 204 Mass. 448, 453. *New York Central & Hudson River Railroad* v. *T. Stuart & Son Co.* 260 Mass. 242, 248. *Carchidi* v. *Kalayjian*, 264 Mass. 230. G. L. (Ter. Ed.) c. 214, §§ 19, 26. *Myers* v. *International Trust Co.* 273 U. S. 380. See also *Faber* v. *Hovey*, 117 Mass. 107; *Cleveland* v. *Quilty*, 128 Mass. 578; *Burbank* v. *Farnham*, 220 Mass. 514; *Martell* v. *Dorey*, 235 Mass. 35. In entering the new final decree after rescript, interest and costs may be brought down to the date of that decree, in order that equity may do justice completely and not by halves, even though the rescript merely affirmed the final decree appealed from. *Day* v. *Mills*, 213 Mass. 585. *Phelps* v. *Lowell Institution for Savings*, 214 Mass. 560, 562. *Malden Center Garage, Inc.* v. *Berkowitz*, 269 Mass. 303, 307. *Hobbs* v. *Cunningham*, 273 Mass. 529, 536. *Rudnick* v. *Rudnick*, 281 Mass. 205, 208. *Boston* v. *Dolan*, 298 Mass. 346, 352. *Baseball Publishing Co.* v. *Bruton*, 302 Mass. 54, 58. See also *Atlantic National Bank of Boston* v. *Hupp Motor Car Corp.* 300 Mass. 196, 202–203. If new questions, not previously determined in the suit, arise in carrying out the mandate of the rescript, or in bringing the relief down to the date of the new final decree after rescript, they can be brought here by appeal from that decree; and we need not determine at this time whether that decree is vacated by an appeal in such a case. *Dondis* v. *Lash*, 283 Mass. 353.

But an appeal from a final decree after rescript, though within the words of G. L. (Ter. Ed.) c. 214, § 19, stands on a different footing from an appeal from an ordinary final decree. It is not so much an appeal as an opportunity for this court to supervise obedience to its mandate. It does not, ordinarily at least, vacate the final decree after rescript from which the appeal was taken. It brings to the full court the final decree after rescript merely for the purpose of comparison with the rescript; and possibly does that only where the rescript did not prescribe the exact words of the decree as it did in *Attorney General* v. *Williams,* 178 Mass. 330, 335, *Lambert* v. *Board of Appeals of Lowell,* 295 Mass. 225, *Sturtevant* v. *Ford, ante,* 78, and *Lydia E. Pinkham Medicine Co.* v. *Gove, ante,* 1. The limited purpose of an appeal from a decree after rescript is recognized by G. L. (Ter. Ed.) c. 231, § 133, as amended by St. 1933, c. 300, § 2, which provides that if the judge of the trial court finds that the decree conforms to the rescript and that the appeal is claimed merely for the purpose of delay, he may order the appeal dismissed, and an appeal from that order shall not suspend the execution of the decree. *Savage* v. *McCauley,* 302 Mass. 457, 460. "If the decree or judgment is in accordance with the rescript or mandate, ordinarily the appeal will be dismissed and the final decree or judgment will stand as if there had been no appeal." *Boston, petitioner,* 223 Mass. 36, 37. *Attorney General* v. *New York, New Haven & Hartford Railroad,* 201 Mass. 370, 371. *Boston Bar Association* v. *Casey,* 227 Mass. 46, 50. *Crowley* v. *Holdsworth,* 267 Mass. 13, 16. *Cole* v. *Holton,* 274 Mass. 238. *Dondis* v. *Lash,* 283 Mass. 353, 354–355. *Long Beach Dock & Terminal Co.* v. *Pacific Dock & Terminal Co.* 98 Fed. (2d) 833, 835. It is true, that even where the final decree after rescript has conformed exactly to the rescript, the full court has sometimes affirmed the final decree after rescript instead of dismissing the appeal. Such a course may lack precision, but does no practical harm. Compare *Snow* v. *Dyer,* 178 Mass. 393, 396, 397; *Deming* v. *Carlisle Packing Co.* 226 U. S. 102. If an appeal from a final decree after rescript could not be dismissed

by this court, leaving that decree in force, a party by persistent successive appeals could render the litigation interminable, unless the judge entering that decree should exercise his powers under G. L. (Ter. Ed.) c. 231, § 133, as amended by St. 1933, c. 300, § 2. See *Williams* v. *Clarke*, 182 Mass. 316; *Keith* v. *Marcus*, 182 Mass. 320; *Richmond Co-operative Association, Inc.* v. *Gill*, 285 Mass. 50, 53; *Commonwealth* v. *Millen*, 290 Mass. 406, 411–412. We think that this court is not so helpless nor so dependent upon the action of a judge of another court.

There is no technical difficulty in dismissing such an appeal with costs, or with double costs and double interest under G. L. (Ter. Ed.) c. 211, § 10. Though upon dismissal of the appeal the earlier decree after rescript stands unchanged, a supplemental decree may be entered in the trial court, ordering the payment of the additional costs and interest provided for by the later rescript. This must be so, since in many cases appeals have been dismissed with costs, leaving the decree appealed from intact. *Penniman* v. *French*, 2 Mass. 140. *Swan* v. *Picquet*, 4 Pick. 465. *Bowler* v. *Palmer*, 2 Gray, 553, 555. *Romanausky* v. *Skutulas*, 258 Mass. 190, 196. *Niosi* v. *Leveroni*, 274 Mass. 115, 117. *Hubbard* v. *Southbridge National Bank*, 297 Mass. 17, 20. *Savage* v. *McCauley*, 302 Mass. 457, 461. See also *Slaker* v. *O'Connor*, 278 U. S. 188, 190; Revised Rules of the Supreme Court of the United States, February 27, 1939, Rule 32 (1).

What has been said is not affected by our liberal practice, under which the court below, if it finds that our rescript was based upon a record that did not present the facts truly or fully, has power to reopen the case in order to make possible a proper decision upon the real facts, not inconsistent with the principles of law laid down by this court. *Long* v. *George*, 296 Mass. 574, 577, and cases cited. That power is an extraordinary one. Its exercise, vacating the final decree and giving the case a new lease of life, is appealable as an interlocutory decree. *Borst* v. *Young*, 302 Mass. 124, 126. It does not follow that the refusal to exercise it is likewise appealable. An appeal is a creature

of statute, not a constitutional or inherent right.  *Lucken-
bach Steamship Co.* v. *United States,* 272 U. S. 533, 536.
*Ohio* v. *Akron Metropolitan Park District,* 281 U. S. 74, 80.
*District of Columbia* v. *Clawans,* 300 U. S. 617, 627.  "Where
jurisdiction is given to a court or magistrate by a statute,
and there is no provision for an appeal, the decision of the
court or magistrate is final," apart from a possible remedy
by certiorari or mandamus.  *Renado* v. *Lummus,* 205 Mass.
155, 158.  *Opinion of the Justices,* 251 Mass. 569, 616.
*Giarruso* v. *Payson,* 272 Mass. 417, 421.

An appeal in equity under our statutes may be taken
only from an interlocutory decree or a final decree.  *Grau-
stein* v. *Dolan,* 282 Mass. 579, 583.  *Fusaro* v. *Murray,*
300 Mass. 229.  Not every judicial act in an equity case
falls within either class.  For example, an order for a
decree is unappealable.  *Gulesian* v. *Newton Trust Co.*
302 Mass. 369, 372.  A refusal to comply with G. L. (Ter.
Ed.) c. 214, § 23, by reporting the material facts after a
decree, is neither an interlocutory decree nor a final decree.
We think such a refusal is unappealable.  *Restighini* v.
*Hanagan,* 302 Mass. 151, 155.  See *Savage* v. *McCauley,* 302
Mass. 457, 461.  The remedy for such a refusal must be
sought in another form of proceeding.  The case of *Snow*
v. *Boston Blank Book Manuf. Co.* 153 Mass. 456, was
brought up by exceptions, and the citation of that case
in *McCusker* v. *Geiger,* 195 Mass. 46, 52, does not militate
against what has just been said.  Likewise, a refusal to
exercise the extraordinary power to reopen a case after
final decree, appeal and rescript, discussed in *Long* v.
*George,* 296 Mass. 574, 577, and cases cited, is neither an
interlocutory decree nor a final decree.  Consequently it is
not appealable.  Even if it were to be deemed appealable,
appeal would be futile as long as the final decree after
rescript stands, unvacated and unaltered.  *Fusaro* v. *Mur-
ray,* 300 Mass. 229.  *School Committee of Winchendon* v.
*Selectmen of Winchendon,* 300 Mass. 266.  A party has no
enforceable right to have that extraordinary power exer-
cised, and no remedy if it is not exercised.  The same rea-
sons that permit the dismissal of an appeal from a final

decree after rescript, where no new question has arisen as to the form or substance of that decree and the rescript has been obeyed, permit the dismissal of such an appeal though it be accompanied by an application to the court below to exercise that extraordinary power to reopen the case for further hearing and an attempted appeal from the refusal so to do. Otherwise a succession of such applications and appeals could keep the case alive forever. It is true, that in *Long* v. *George*, 296 Mass. 574, and *Carilli* v. *Hersey*, 300 Mass. 329, it was assumed that the refusal to exercise that extraordinary power was reviewable on appeal; but it was not so decided. We think that those cases might have been disposed of on the more fundamental ground that the refusal was not appealable.

The several appeals are dismissed with double costs.

*Ordered accordingly.*