Town of Wayland *vs.* Martin J. Lee & another.

Middlesex. May 3, 4, 1954. — July 2, 1954.

Present: Qua, C.J., Lummus, Spalding, Williams, & Counihan, JJ.

*Zoning.*

In a suit in equity by a town to enforce its zoning by-law forbidding the removal of sand and gravel in single residence districts without a permit, where it appeared that two sand and gravel pits existed on the defendant's land at the time of the adoption of the by-law and were prior nonconforming uses, a decree allowing the defendant to remove sand and gravel "from within the present limits of" the pits and restraining the removal thereof elsewhere on the land was reversed in order that the exact boundaries of the areas devoted to the pits at the time of the adoption of the by-law might be determined.

Bill in equity, filed in the Superior Court on November 10, 1948.

Following the decision by this court reported in 325 Mass. 637, a final decree after rescript was entered by order of *Goldberg, J.* The defendants appealed.

*Maurice H. Cavanagh & Thomas H. Mahony,* for the defendants, submitted a brief.

*Roger P. Stokey,* for the plaintiff.

Lummus, J. This is a bill to enforce a zoning by-law of the plaintiff town by restraining the defendants from removing for sale sod, loam, sand, and gravel from their tract of land containing thirty-three and one half acres in the plaintiff town. In 1934 the land was zoned in a single residence district in which the removal of sod, loam, sand, and gravel was forbidden without a permit from the board of appeals. The zoning by-law provided that it shall not "prevent the continued use of any land for the purpose for which it is used at the time" of its adoption. See also as to prior nonconforming uses, G. L. (Ter. Ed.) c. 40, § 26, as appearing in St. 1933, c. 269, § 1, and as amended. At

that time there was on the land a gravel pit of about two acres from which gravel was removed by machinery and sold. There were also smaller sand pits, one of them called the meadow pit. The tract was bought by the defendants in 1948.

From a decree permitting the removal of sand and gravel from the large pit but only by means of "an ordinary gasoline power farm tractor with shovel attachment," and the removal of sand from the meadow pit by hand, and forbidding the use of other equipment and all removal of loam, both parties appealed. These appeals were decided in *Wayland* v. *Lee*, 325 Mass. 637. It was held that the decree erred in restricting as it did the use of the large pit and in restricting the use of the meadow pit to the removal of sand by hand. In other respects no error in the decree was found.

The final decree after rescript, from which the present appeal is taken by the defendants, was entered on October 1, 1953. It provided that the defendants may use the large pit and meadow pit for the removal therefrom of sand and gravel,[1] using hand instruments or power equipped instruments similar to or intended for the same purposes as the equipment used by the defendants or their predecessors in title prior to the enactment of the zoning by-law in 1934. The decree restrained the defendants from stripping loam from the tract, and from removing sand or gravel from any place except the large pit and the meadow pit. The sole question on the present appeal is whether the final decree after rescript conforms to the mandate of this court. *Carilli* v. *Hersey*, 303 Mass. 82, 85.

The defendants contend that the final decree after rescript limits them to the excavation of pits or holes that have already been excavated and now contain nothing but air. Such an absurd result was not contemplated by this court in its earlier decision. As in *Burlington* v. *Dunn*, 318 Mass.

---

[1] The decree read in part as follows: "The defendants may use the main gravel pit . . . for the removal from within the present limits of said pit of sand and gravel, and may remove sand and gravel from within the present limits of the . . . meadow pit . . ." — REPORTER.

216, 224, the defendants are entitled to remove sand and gravel "in the location of" the large pit and the meadow pit as they existed at the time of the adoption of the zoning by-law. As in that case, a further hearing may be needed to determine the exact boundaries of the area devoted to those pits. See also *Billerica* v. *Quinn,* 320 Mass. 687, 689. We have not before us the materials for such a determination. The words "present limits of" those pits in the final decree after rescript need interpretation to make that decree conform to the opinion in *Wayland* v. *Lee,* 325 Mass. 637.

*Final decree after rescript reversed,*
*with costs of this appeal.*