WILLIAM J. GALVIN *vs*. BAY STATE HARNESS HORSE RACING
AND BREEDING ASSOCIATION, INC. & others.

Suffolk.   November 7, 1956. — January 31, 1957.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Contract*, What constitutes.

A summary of evidence by a master in a suit in equity under Rule 90 of
the Superior Court (1954) supported a finding by him that the plain-
tiff had not proved by a preponderance of the evidence an allegation
that in the formation of corporations in connection with a race track
enterprise the defendant had become contractually obligated to give
the plaintiff certain stock in the corporations.

BILL IN EQUITY, filed in the Superior Court on February 8,
1951.

The suit was heard by *Kirk*, J., on a master's report.

*Joseph P. Sullivan*, for the plaintiff.

*Frederick D. Vincent, Jr.*, (*Thomas J. Colbert* with him,)
for the defendant Paul Bowser.

COUNIHAN, J.   This is another suit in equity[1] arising out
of the organization of the Bay State Harness Horse Racing
and Breeding Association, Inc., hereinafter called Bay State.
The other defendants are Norfolk County Concessionaires,
Inc., hereinafter called Norfolk, and Paul F. Bowser.   Bay
State conducts harness horse racing in Foxboro, Norfolk
sells food and liquor at the Bay State track, and Bowser is
the president, a director and a substantial stockholder in
Bay State and Norfolk.   No relief is sought against Bay
State and Norfolk except to restrain each of them from
transferring Bowser's stock in each pending the outcome of
this suit.

The plaintiff alleges an oral contract with Bowser whereby
he is entitled to receive from Bowser twelve and one half

---

[1]See *Breen* v. *Bay State Harness Horse Racing & Breeding Association, Inc.*
334 Mass. 642.

per cent of the stock in each corporation for services in the organization of each. It is further alleged that Bowser holds this twelve and one half per cent stock interest in trust for the plaintiff. The suit was referred to a master whose ultimate findings were favorable to Bowser. The plaintiff filed objections to the report of the master which became exceptions. Rule 90 of the Superior Court (1954). By an interlocutory decree these exceptions were overruled and the report was confirmed, and a final decree was entered dismissing the bill. The suit comes here upon appeals from these decrees. We are of opinion that there was no error.

The plaintiff filed five objections to the master's report but the first two were waived at the argument before us. The three remaining objections are based upon the following findings of the master, which read so far as material: (3) "Upon the foregoing subsidiary findings, I find that at the time the percentages of the participants in the enterprise were discussed after the State election, it was the understanding of all the parties that definite agreements regarding participations and contributions of funds could not be definitely settled until the major financial backing from other sources could be arranged. I find that it was the understanding of all parties that until then all arrangements discussed were proposals of what the parties hoped to definitely arrange at a later time, but which were subject to revision as the venture progressed"; (4) "In Galvin's case I find that the advance of $9,000 was made not in return for any promise of a definite stock participation, but rather in the hope that by this advance he might, when the plans crystallized, obtain some participation. But when the project finally took definite form by the Loew financing, Galvin either had dropped the project or was dropped from it by the others"; and (5) "I am not satisfied by a preponderance of the evidence that Bowser ever made an agreement to give Galvin any stock or voting trust interest in either Bay State or Norfolk."

The chief complaint of the plaintiff is that the general findings of the master are not supported by his specific or

subsidiary findings. Compare *Valentine Lumber & Supply Co.* v. *Thibeault,* 333 Mass. 361, 363.

It appears from the report that the evidence before the master was taken by a stenographer approved by him before any evidence was introduced, and that the master attached to his report a summary of the evidence in so far as it related to exception 5. Rule 90 of the Superior Court (1954). This summary was to the effect that Galvin, after the track was in operation, asked Bowser to help him get some stock; that Bowser asked him what he expected him to do; and that Galvin replied that Bowser could talk with Galvin's partners and "they might listen to you." Bowser replied that Galvin's troubles were with his partners and not with Bowser. Galvin then said, "That is true, but you might help me." Bowser testified that he never made any promise to give the plaintiff any interest in the track.

We are of opinion that this evidence fully warranted as matter of law the finding of the master that "I am not satisfied by a preponderance of the evidence that Bowser ever made an agreement to give Galvin any stock or voting trust interest in either Bay State or Norfolk." This finding is enough to dispose of the case.

We deem it appropriate to note that it appears that the case at bar was referred to the master with the case of *Breen* v. *Bay State Harness Horse Racing & Breeding Association, Inc.* 334 Mass. 642. A motion to consolidate the cases was denied by a judge and accordingly the cases were tried separately. The evidence in one case was not used by the master as the basis of his findings in the other.

It is important to note also that the case at bar is different from the *Breen* case wherein it was said, "the conclusion was open that the defendant [Bowser] had made, and from time to time . . . reaffirmed, an obligation to this plaintiff [Breen]" (page 644).

*Interlocutory decree affirmed.*
*Final decree affirmed with costs*
*of the appeal to Bowser.*