**520**                                                        **343 Mass. 520**

Galvin *v.* Bay State Harness Horse Racing & Breeding Assn. Inc.

WILLIAM J. GALVIN *vs.* BAY STATE HARNESS HORSE RACING AND BREEDING ASSOCIATION, INC. & others.

Suffolk. November 9, 1961. — February 1, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Equity Pleading and Practice,* Subsequent action by another judge, Amendment, Appeal, Proceedings after rescript.

A judge of the trial court in a suit in equity is not bound by an earlier interlocutory order of another judge of that court in the suit, but has the duty and the power to enter the right order. [522]

Following a rescript from this court in a suit in equity affirming a final decree dismissing the bill and the lapse of nearly four years without the entry of a final decree after rescript, and after entry of an order by a judge of the trial court giving the plaintiff leave "to move to conform bill of complaint to findings" and allowance by another judge of a motion to amend the bill, a final decree after rescript dismissing the bill by a third judge was an implied revocation of the allowance of the motion to amend the bill, was in conformity with the rescript, and was proper. [522]

BILL IN EQUITY, filed in the Superior Court on February 8, 1951.

A final decree after rescript dismissing the bill was entered by *Lurie, J.*

*William C. Madden,* for the plaintiff.

*Gerald Gillerman,* for the defendant Bay State Harness Horse Racing and Breeding Association, Inc.

*Oliver O. Ward,* for the defendant Thomas J. Colbert, executor.

WILKINS, C.J. This bill in equity, brought on February 8, 1951, was before us five years ago. *Galvin v. Bay State Harness Horse Racing & Breeding Assn. Inc.* 335 Mass. 364. It has since become a procedural nightmare. As originally filed, the bill sought to establish an oral contract with the defendant Bowser whereby the plaintiff was to receive from Bowser a stock interest in each of the defendants Bay State Harness Horse Racing and Breeding Association, Inc. (Bay

343 Mass. 520                                           521

.Galvin *v.* Bay State Harness Horse Racing & Breeding Assn. Inc.

State) and Norfolk County Concessionaires, Inc. The only relief sought against the corporations was to restrain transfer of Bowser's stock pending suit. A master's report was adverse to the plaintiff, and the case came here on the plaintiff's appeals from an interlocutory decree which overruled exceptions and confirmed the master's report and from a final decree dismissing the bill. Our consideration of the case resulted in a rescript dated January 31, 1957: "Interlocutory decree affirmed. Final decree affirmed with costs of the appeal to the defendant Paul F. Bowser."

Nearly four years elapsed without the entry of a final decree after rescript. Then on December 8, 1960, the plaintiff filed in the Superior Court a motion to amend his bill of complaint by adding a claim against Bay State for $6,000 for the balance of sums advanced to it by the plaintiff. This motion was denied without prejudice on December 16, 1960, and the plaintiff was given leave "to move to conform bill of complaint to findings." On that date suggestion was made of the death of Bowser on July 17, 1960, and the executor under his will was substituted as a party defendant. Compare *MacDonald* v. *Gough,* 327 Mass. 739, 741, and cases cited. On December 22, 1960, the plaintiff filed a new motion to amend his bill, which, with somewhat fuller allegations, was substantially the same as the earlier motion except that the amount asked for sums advanced was increased to $9,000 and recovery was sought in the alternative from Bay State "or the defendant Paul F. Bowser," recently represented deceased. On January 12, 1961, this motion was allowed by a second judge. On February 16, 1961, the plaintiff filed a motion to take the amended bill pro confesso for failure of the defendants to answer. This motion was denied by a third judge on February 28, 1961. On March 13, 1961, the third judge allowed the defendants' motion for entry of final decree after rescript, two similar motions having been denied by other judges without prejudice, and a final decree was entered dismissing the bill with costs. The plaintiff appealed from the denial of the mo-

tion to take the amended bill pro confesso, the allowance of the motion for final decree, the entry of the decree, and the denial of his motion to advance the case for "speedy trial."

Also here are appeals by the defendants from the action of each of the first two judges. These we need not decide.

The plaintiff argues solely the appeal from the decree of the third judge dismissing the bill. Only an interlocutory or a final decree may be the subject of an appeal. G. L. (Ter. Ed.) c. 214, §§ 26, 19. *Maria Konopnicka Soc. of the Holy Trinity Polish Roman Catholic Church* v. *Maria Konopnicka Soc.* 331 Mass. 565, 566. Not every judicial act in an equity case falls within either class. *Carilli* v. *Hersey*, 303 Mass. 82, 87.

The third judge was not bound by the orders of the two earlier judges. His were the duty and the power to reach the right result. *Peterson* v. *Hopson*, 306 Mass. 597, 603–605. *McAdams* v. *Milk*, 332 Mass. 364, 366. His decree of dismissal was necessarily an implied revocation of the allowance of the motion to amend. He could decide merely from the face of the master's report and from the wording of the amended bill of complaint that the latter did not conform to the findings. He could decide from a comparison of the amended bill with the original that new issues which had not been fully tried were being attempted to be introduced. He could observe that the plaintiff would be unable to recover $9,000, $6,000, or any other sum upon the master's obscure findings, which were directed to the stock issue then before him. This observation would be confirmed if the "speedy trial" sought by the plaintiff involved the taking of testimony, a point not shown in the record. In short, the third judge could conclude that it was more than time to obey the mandate of the rescript and bring the case to a close long overdue. The rescript prescribed the exact words of the decree. *Carilli* v. *Hersey*, 303 Mass. 82, 85. *Wayland* v. *Lee*, 331 Mass. 550, 551. *J. J. Struzziery Co. Inc.* v. *A. V. Taurasi Co. Inc.* 342 Mass. 113, 114–115. The decree entered was a compliance.

*Plaintiff's appeals dismissed.*
*Defendants' appeals dismissed.*