FRANCOIS L. BOUCHARD & others vs. CAROLINE RAMOS
& others.

Bristol.    December 8, 1964. — January 4, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Equity Pleading and Practice,* Proceedings after rescript, Costs, Zoning
appeal.

In a suit in equity under G. L. c. 40A, § 21, by way of appeal from a
decision of a city's zoning board of appeals, where there was a rescript
from this court reversing a decree upholding the board's decision and
directing the entry of a decree annulling the decision as in excess of the
board's authority, a decree after rescript annulling the decision but also
containing an order to the city, which was a party to the suit, to pay
part of the costs thereof to the plaintiffs must be modified by striking
out such order as not in conformity to the rescript and as repugnant to
the provisions of § 21 respecting costs.

BILL IN EQUITY filed in the Superior Court on May 31,
1961.

Following the decision of this court reported in 346
Mass. 423, a final decree after rescript was entered by
*Chmielinski, J.,* from which the defendant City of New Bed-
ford appealed.

*George Jacobs,* City Solicitor, for the City of New Bed-
ford.

*Thomas M. Quinn* for the plaintiffs.

WILKINS, C.J.    This bill in equity under G. L. c. 40A,
§ 21, as amended, by way of an appeal from a decision of
the board of appeals of New Bedford granting a variance to
the defendants Ramos was before us in 346 Mass. 423.    At
that time the rescript in its entirety provided: "The decree
is reversed.    A final decree is to be entered in the Superior
Court adjudging that the decision exceeded the authority of
the board and is annulled" (page 426).    Thereafter there
was entered a final decree after rescript which not only con-
tained the foregoing but also ordered the defendant city to

pay to the plaintiffs or their attorneys costs of suit amounting to $727.09. This was one half the total costs. The reasoning behind this order as to costs seems to have been that the city council, which had been allowed to intervene at the original hearing on the merits in the Superior Court, voted to appeal to the full court from the adverse ruling of the judge of the Superior Court and to request the mayor to make the necessary funds available to the city solicitor "in order that there will be no delay in preserving the legal rights of the City of New Bedford." The mayor returned the order without his approval, the city solicitor took no steps to perfect an appeal, and no funds were provided for prosecuting one. The costs of the appeal fell entirely on the plaintiffs.

The decree did not conform to the rescript. *Bourbeau v. Whittaker,* 265 Mass. 396, 399. *Crowley* v. *Holdsworth,* 267 Mass. 13, 16. *Carilli* v. *Hersey,* 303 Mass. 82, 85. *Galvin* v. *Bay State Harness Horse Racing & Breeding Assn. Inc.* 343 Mass. 520, 522. The decree also was repugnant to G. L. c. 40A, § 21 (as amended through St. 1960, c. 365), which provides that no costs shall be awarded (1) against the board unless it appear that the board "acted with gross negligence, in bad faith or with malice"; or (2) against the party appealing from the decision unless it appear that there was bad faith or malice in making the appeal.

The final decree is to be modified by striking the provision as to costs, and, as so modified, it is affirmed.

*So ordered.*