MARK LEVY & others,[1] trustees,[2] *vs.* PATRICIA A. REARDON & others,[3] trustees.[4] No. 98-P-510. July 9, 1999. *Easement. Real Property,* Condominium, Easement, Trespass.

In *Levy* v. *Reardon,* 43 Mass. App. Ct. 431 (1997), we declared invalid and unenforceable certain easement rights pertaining to the swimming pool and related facilities located within the undivided common areas of the Hilltop Gardens Condominium Trust property. We failed to mention by name the easement rights related to a parking lot located nearby in another area of the Hilltop Gardens common area. Nevertheless, the reasoning and legal conclusions in *Levy* v. *Reardon* apply logically and inevitably to the parking rights just as they do to the pool rights. For that reason, the Superior Court judge did not impermissibly enlarge the scope of our order of remand in that case by including within the judgment a declaration that the parking easements, like the pool easements, are invalid.

*Sturtevant* v. *Ford,* 303 Mass. 78 (1939), and *Wayland* v. *Lee,* 331 Mass. 550 (1954), are not to the contrary. Unlike the purely legal issues here presented, those cases involved primarily factual issues and the precise fashioning of injunctive and other equitable relief. In each case, the lower court's judgment after remand deviated substantially from the letter or spirit of the remand order. See *Sturtevant* v. *Ford, supra* at 79-80; *Wayland* v. *Lee, supra* at 551. Here, by contrast, the judgment follows the reasoning and conclusions that underlie the order of remand.

The judgment is inconsistent with the order of remand in one respect: it enjoins the Summit trustees "from trespassing on said easement areas." There has, however, been no finding of trespass. Our earlier opinion answered the narrow question whether the Summit trustees could rely on principles of easement to resolve their dispute. They could not, because

> "(a) the Hilltop declarants did not have the right to grant the easement; and (b) the removal of [the Summit lots] . . . [was] accomplished in violation of the requirements of G. L. c. 183A, §§ 5(c) and 19, . . . and the easement in question cannot exist as matter of law because of the resulting unity of title."

43 Mass. App. Ct. at 440. It does not necessarily follow from the absence of an easement that there is a trespass. Moreover, while the plaintiffs (Summit trustees) asked for declaratory and injunctive relief in their complaint, the defendants (Hilltop trustees) did not request injunctive relief.

The judgment is to be modified by striking the language "and the Plaintiff Summit Trustees are hereby enjoined from trespassing on said easement areas." As modified, the judgment is affirmed.

*So ordered.*

The case was submitted on briefs.
*Seth Emmer & Judith Flanagan Kennedy* for the plaintiffs.

---

[1]Denise Nelson, Susan Bullard, Susan Osborn, and Philip Giordano.
[2]Of the Summit Place Condominium Trust.
[3]Dennis O'Day, Peter F. McAteer, Alicia M. Boucher, and Madeline E. Brown.
[4]Of the Hilltop Gardens Condominium Trust.

*Walter H. McLaughlin, Jr., & David L. Klebanoff* for the defendants.